**Receipt number AUSFCC-6282670**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Alearis, Inc., | SEALED ATTACHMENTS |
|         Plaintiff, | |
| v. | |
| United States of America, | Case No.: **20-808T** |
|         Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Alearis, Inc. ("Alearis"), by and through its undersigned attorneys, and for its Complaint for Declaratory Judgment pursuant to Internal Revenue Code, 26 U.S.C. ("IRC") § 7428, 28 U.S.C. §§ 1492(b)(2) and 1507, and Rule 57 of the Rules of the United States Court of Federal Claims ("RCFC") against Defendant, United States of America, seeks a judicial declaration that it is not a private foundation because it is described by IRC § 509(a)(1) by reason of being a church within the meaning of § 170(b)(1)(A)(i).  In support of its Complaint, Alearis alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Alearis is a Delaware exempt, nonstock corporation with its principal office located at 53 W. Jackson Blvd., Suite 1734, in Chicago, Illinois.

2. The Defendant is the United States of America.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1507 and IRC § 7428.

4. IRC §§ 7428(a)(2) and 7428(a)(1)(B) provide for declaratory judgment in cases where the Internal Revenue Service (the "IRS" or "Service") fails to make a determination with respect to an organization's request for initial qualification under IRC § 509(a).

5. Pursuant to IRS Revenue Procedure 2019-05, on July 12, 2019, Alearis submitted a request for determination of foundation status via letter (the "Request for

1  Determination") to the IRS office at 201 West Rivercenter Blvd, Covington, Kentucky
2  41011.

3      6.    As designated portions of the Request for Determination contain
4  confidential and proprietary information concerning Alearis' sacred religious doctrine
5  and other confidential, proprietary information, the Request for Determination includes a
6  Nondisclosure Request that Sections I and III of the Request for Determination be deleted
7  from any public disclosure thereof.

8      7.    Accordingly, a redacted copy of the Request for Determination is attached
9  hereto as ***Exhibit A*** and, promptly after filing its Complaint, Alearis will file a Motion for
10 Leave to File Under Seal an unredacted copy of its Request for Determination pursuant to
11 Part V, § 11 of RCFC Appendix E .

12     8.    Alearis timely complied with all requests for additional information from
13 the Service.

14     9.    As of the date of this Complaint, the Service has not issued a Notice of
15 Determination with respect to the Request for Determination and more than 270 days
16 have passed since Alearis submitted its Request for Determination.

17 **<u>INTRODUCTION AND STATUTORY BACKGROUND</u>**

18     10.    IRC § 509(a) states the "General Rule" that the term "private foundation"
19 means a domestic or foreign organization described in IRC § 501(c)(3), and then goes on
20 to describe types of organizations that are exceptions to that General Rule.

21     11.    For example, subparagraph § 509(a)(1), by express reference to IRC §
22 170(b)(1)(A), carves out churches (IRC § 170(b)(1)(A)(i)), educational institutions (IRC
23 § 170(b)(1)(A)(ii)), hospitals (IRC § 170(b)(1)(A)(iii)), entities with broad bases of
24 public support (IRC § 170(b)(1)(A)(vi)), and other types of entities whose attributes and
25 activities make them exceptions to the General Rule.

12. An organization excepted from the General Rule as described in a subparagraph to § 509(a), is therefore not a private foundation for the purposes of the IRC.

13. "Private foundations" (those categorized under the General Rule) and "nonprivate foundations" (those excepted from the General Rule) are treated differently under the IRC. Nonprivate foundations are generally allowed more operational freedom and receive more favorable treatment than organizations classified as private foundations. For example, private foundations are excluded from participating in pooled income funds under IRC § 642 and are subject to tax on excess business holdings under IRC § 4943.

14. The first exception to the General Rule is at IRC § 509(a)(1) and pertains to "organization[s] described in [IRC] section 170(b)(1)(A) (other than clauses (vii) and (viii))". IRC § 170(b)(1)(A), in turn, enumerates types of organizations (i through ix) to which greater donor thresholds of deductible contributions apply relative to private foundations, provided such contributions are "charitable" pursuant to IRC § 170(c).

15. This action seeks a declaratory judgment that Alearis is a nonprivate foundation because it is an organization described by IRC § 170(b)(1)(A). Specifically, it seeks a ruling that it is described by § 170(b)(1)(A)(i), which applies to "a church or convention or association of churches".

16. The most common way organizations obtain determinations as to their private foundation status is by filing Form 1023, Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code, with the IRS.

17. If the IRS determines that an organization qualifies for tax-exemption pursuant to IRC § 501(c)(3), the Service will make an additional determination as to that organization's private foundation status and include the classification in its Notice of Determination.

18. Special rules apply to churches with respect to IRC § 501(c)(3). IRC § 508(c) applies to churches a "mandatory exception" from the requirement that newly

1 formed organizations notify the Secretary of Treasury ("Secretary") or apply for
2 recognition prior to being treated as an organization described in IRC § 501(c)(3).  IRC §
3 508(c) additionally provides churches a mandatory exception from the presumption that
4 an organization described by IRC § 501(c)(3) is a private foundation.

5    19. Due in part to these mandatory exceptions, Alearis is not seeking a
6 determination with respect to its tax-exempt status and therefore did not submit Form
7 1023 to apply for recognition under IRC § 501(c)(3). Because Alearis only seeks a
8 determination that it is described by IRC §§ 509(a)(1) and 170(b)(1)(A)(i), the
9 organization requested an initial determination be made only with respect to its
10 foundation status pursuant to IRS Revenue Procedure 2019-05 §§ 3.01(3)(b) and
11 4.02(7)(b).

## FACTUAL ALLEGATIONS

13    20. From the time of its incorporation, Alearis has been organized and
14 operated exclusively as a nonprivate foundation and church as described under IRC §§
15 509(a)(1) and 170(b)(1)(A)(i).

16    21. Like many institutions engaged in the conduct of worship, such as the
17 Muslim community of faith and the Roman Catholic Church, Alearis acts with the
18 authority granted to it in furtherance of its adherents' sincerely held religious beliefs.

19    22. As explained in detail within its Request for Determination, Alearis
20 qualifies as a church under the IRC in part because it both is an integral part of a church
21 and carries out the functions of a church, consistent with the definition of church
22 provided at 26 CFR § 1.511-2(a)(3)(ii).  The foregoing 26 CFR § 1.511-2(a)(3)(ii)
23 definitional standard is an accepted standard for determining an organization's status as a
24 church as seen from its adoption by other relevant Treasury Regulations such as 26 CFR
25 § 1.414(e)-1(e).

23. In accord with its adherents' sincerely held religious beliefs, and as stated in the Certificate of Incorporation provided in its letter request, Alearis is organized and operated exclusively for religious purposes.

24. As stated in its Certificate of Incorporation, attached as Exhibit A to its Request for Determination, Alearis' sole member is the Church, which was founded at time immemorial when the Old Ones placed the Game into ecclesiastical trust for such purpose, and Alearis is "organized exclusively for religious purposes to perform or carry out the functions of the Church."

25. Alearis is therefore an integral part of and engaged in carrying out the functions of a church within the meaning 26 CFR § 1.511-2(a)(3)(ii), is substantially connected with and controlled by a church, and its duties therefore "include the ministration of sacerdotal functions and the conduct of religious worship" within the 26 CFR § 1.511-2(a)(3)(ii) definition of "church".

26. Further, in and through its ministration of sacerdotal functions and its conduct of religious worship among its and the Church's adherents, Alearis also satisfies the so-called "associational test" of whether an institution is a church.

27. In furtherance of performing its religious purpose, Alearis seeks recognition as a nonprivate foundation and church under IRC §§ 509(a)(1) and 170(b)(1)(A)(i), *inter alia*, to obtain statutory exemptions from certain requirements imposed on private foundations, for example, self-dealing provisions under IRC § 4941, minimum distribution requirements under IRC § 4942, excess business holdings requirements under IRC § 4943, jeopardy investments under IRC § 4944, and taxable expenditures under IRC § 4945.

28. Moreover, nonprivate foundations described under IRC §§ 509(a)(1) and 170(b)(1)(A)(i) enjoy statutory rights to participate in pooled income funds under IRC § 642 and the right to receive a greater donor threshold of deductible contributions under IRC § 170(b)(1)(A).

29. Alearis believes recognition of the Congressional benefits accorded to nonprivate foundations will be valuable in carrying out the organization's religious purpose.

30. No part of Alearis' net earnings inure to the benefit of any private shareholder or individual.

31. No substantial part of Alearis' activities attempt to influence legislation, and Alearis does not participate in, or intervene in partisan political campaigns on behalf of or in opposition to any candidate for public office.

32. In view of the foregoing, on July 12, 2019, Alearis submitted its Request for Determination to the Service office at 201 West Rivercenter Blvd. Covington, Kentucky 41011. Ex. A.

33. Specifically, Alearis requested an initial determination that Alearis is not a private foundation because it is described by IRC §§ 509(a)(1) and 170(b)(1)(A)(i).

34. Section 3.01(3)(b) of IRS Revenue Procedure 2019-05 provides that the IRS will issue determinations concerning the classification or reclassification of private foundation status, including whether an organization is described by IRC §§ 509(a)(1) and 170(b)(1)(A) (other than clauses (v), (vii) and (viii)).

35. As set forth in its Request for Determination, Alearis is not a private foundation because it is described by IRC §§ 509(a)(1) and 170(b)(1)(A)(i).

36. IRS Revenue Procedures do not specify any form on which a request for initial classification of private foundation status is required to be submitted. Instead, § 4.02(7)(b) of IRS Revenue Procedure 2019-05 provides that any determination request not required to be submitted on a specified form may be submitted by letter.

37. The Request for Determination, which Alearis submitted to the Service in the form of a letter request, asked the Service to date stamp both the cover page and the enclosed IRS Form 2848 as verification of receipt, and to subsequently return copies of each to Alearis in a provided self-addressed stamped envelope.

1  38. The Service returned copies of Alearis' letter request cover page and IRS
2  Form 2848 date stamped as of July 15, 2019. Attached hereto as ***Exhibit B***.
3  39. Between January 3 and 10, 2020, Alearis' attorney Paul Winters had a
4  series of phone conversations with a Service representative identifying himself as
5  "Robert", ID number 0411855178 (the "Service Representative").
6  40. On January 3, 2020, the Service Representative called Alearis' attorney to
7  discuss three items concerning Alearis' Request for Determination, all of which were
8  based on a mistaken understanding that Alearis sought a <u>reclassification</u> of foundation
9  status rather than an <u>initial determination</u>. The items discussed were that: (i) Alearis did
10 not provide IRS Form 8940 (Request for Misc. Determination); (ii) Alearis' Employer
11 Identification Number was not associated with a completed Form 1023 (Application for
12 Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code); and
13 (iii) the $400 check submitted with Alearis' Request for Determination did not
14 correspond with the correct fee to process a request for reclassification of foundation
15 status.
16 41. Alearis' attorney clarified to the Service Representative that Alearis'
17 Request for Determination does not seek a reclassification, but instead requests an initial
18 determination with respect to foundation status pursuant to §§ 3.01(3)(b) and 4.02(7)(b)
19 of IRS Revenue Procedure 2019-05.
20 42. During this conversation, the Service Representative said that he had not
21 personally reviewed Alearis' request for determination but that he was calling on behalf
22 of a department within the IRS.
23 43. At the Service Representative's request, later that day Alearis' attorney
24 sent a complete copy of Alearis' Request for Determination, via fax, to the number
25 provided by the Service Representative.  See fax transmission page attached hereto as
26 ***Exhibit C***.
27

44. On January 7, 2020, Alearis' attorney followed up with the Service Representative, but was informed that no additional information was available concerning Alearis' Request for Determination.

45. On January 10, 2020, Alearis' attorney again contacted the Service Representative to follow up on the status of Alearis' Request for Determination. The Service Representative explained that the request had been "sent back" for further consideration and was being evaluated by another department. Alearis' attorney asked for additional information concerning the department handling Alearis' Request for Determination, such as a point of contact. The Service Representative declined to disclose this information, stating he was unauthorized to provide any further details.

46. The Service has not communicated with Alearis subsequent to January 10, 2020.

47. Section 9 of IRS Revenue Procedure 2019-05 provides for protesting and appealing proposed adverse determinations. Specifically, § 9.03 of IRS Revenue Procedure 2019-05 provides that prior to issuing a final adverse determination, the Service will provide an organization requesting a determination with respect to IRC § 509(a) a proposed adverse determination, "which will include a detailed discussion of the basis for the Service's conclusion" and "inform the organization of its opportunity to protest/appeal the decision and request a conference with the Appeals Office".

48. IRS Revenue Procedure 2019-05 § 9.04 describes additional information that an organization may provide in response to a proposed adverse determination, including a statement of the facts, law and arguments in support of the organization's position.

49. IRS Revenue Procedure 2019-05 § 9.08 describes the effect new information will have on the determination process, including the Service issuing a favorable determination, a rebuttal letter, or a new proposed adverse determination.

50. Alearis' Request for Determination provided contact details in the event any additional information was required by the Service to make its initial determination.

51. Alearis' Request for Determination states that if for any reason the Service intends to make an adverse determination, Alearis seeks a conference with the appropriate Service employee prior to the issuance of such determination.

52. The Service has provided Alearis with no written notice of inadequacy or request for information since receiving the Request for Determination.

53. The Service has provided Alearis with no proposed adverse determination letter.

54. The Commissioner has failed to make a determination with respect to the classification of Alearis as an organization described by IRC § 509(a).

55. Due to the passage of the statutorily prescribed timeframe, all administrative remedies are deemed exhausted as a matter of law pursuant to IRC § 7428(b)(2).

**WHEREFORE**, Plaintiff, Alearis, Inc., respectfully prays that the Court, pursuant to its authority under IRC § 7428(a) enter judgment on this Complaint in its favor and against Defendant, United States of America:

a) Declaring that Plaintiff is not a private foundation because it is described by IRC §§ 509(a)(1) and 170(b)(1)(A)(i);

b) Ordering the United States Internal Revenue Service to recognize Plaintiff as an organization described by IRC §§ 509(a)(1) and 170(b)(1)(A)(i) and further provide Plaintiff with documentation reflecting such status;

c) Awarding Plaintiff costs and reasonable attorney fees associated with this action to the extent allowable by law; and

d) Granting Plaintiff such further and additional relief as the Court deems just and appropriate.

| | | |
|---|---|---|
| 1 | Date: July 1, 2020 | ALEARIS, INC. |
| 2 | | By: _____ |
| 3 | | One of Its Attorneys |

Mitchell Bryan
Williams, Bax & Saltzman, P.C.
221 North LaSalle Street, Suite 3700
Chicago, IL  60601
(312) 372-3311
bryan@wbs-law.com

*Of Counsel:*
*(pro hac vice admission to be requested)*

Bradley Block
Law Offices of Bradley Block
318 West Adams Street, 17th Floor
Chicago, IL  60606
(224) 533-1075
brad.block@bradblocklaw.com

Bruce de'Medici
de'Medici Law
834 Forest Avenue
Oak Park, Illinois  60302
(312) 731-6778
bdemedici@bdemlaw.com

Paul Winters
Wagenmaker & Oberly, LLC
53 West Jackson Blvd.
Chicago, IL  60604
(312) 626-1600
paul@wagenmakerlaw.com