

Exhibit 1-D

ALEARIS_00001

Form **2848**
(Rev. January 2018)
Department of the Treasury
Internal Revenue Service

# Power of Attorney
# and Declaration of Representative

▶ Go to *www.irs.gov/Form2848* for instructions and the latest information.

OMB No. 1545-0150

**For IRS Use Only**

Received by:

Name _____
Telephone _____
Function _____
Date ___ / ___ / ___

**Part I** **Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored
for any purpose other than representation before the IRS.

**1** **Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Alearis, Inc. | 83-4681574 |
| | Daytime telephone number: 312-626-1600 | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2** **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| **Paul Z. Winters**<br>53 W. Jackson Blvd., Suite 1734<br>Chicago, IL 60604 | CAF No. 0311-24073R<br>PTIN P01703744<br>Telephone No. 312-626-1600<br>Fax No. 312-626-1610 |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☑ Telephone No. ☑ Fax No. ☐ |

| Name and address | |
|---|---|
| **Jonathan Hwang**<br>53 W. Jackson Blvd., Suite 1734<br>Chicago, IL 60604 | CAF No. 0313-07410R<br>PTIN P01616353<br>Telephone No. 312-626-1600<br>Fax No. 312-626-1610 |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☑ Telephone No. ☑ Fax No. ☑ |

| Name and address | |
|---|---|
| **Ryan Oberly**<br>53 W. Jackson Blvd., Suite 1734<br>Chicago, IL 60604 | CAF No. 0303-45915R<br>PTIN<br>Telephone No. 312-626-1600<br>Fax No. 312-626-1610 |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☑ Telephone No. ☑ Fax No. ☐ |

| Name and address | |
|---|---|
| **Sally R. Wagenmaker**<br>53 W. Jackson Blvd., Suite 1734<br>Chicago, IL 60604 | CAF No. 0302-28511R<br>PTIN P01617018<br>Telephone No. 312-626-1600<br>Fax No. 312-626-1610 |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☑ Telephone No. ☑ Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3** **Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| **Determination Letter Request** | N/A | 2019 |
| | | |
| | | |

**4** **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Use Not Recorded on CAF . . . . . . . . . . . ▶ ☐

**5a** **Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties; ☐ Substitute or add representative(s); ☐ Sign a return;

☐ Other acts authorized: _____

INTERNAL REVENUE SERVICE
RECEIVED

JUL 1 5 2019

SERVICE CENTER DIRECTOR
COVINGTON, KY
MAIL UNIT #276

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.   Cat. No. 11980J   Form **2848** (Rev. 1-2018)

Exhibit 2-D

ALEARIS_00002

**b** **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): _____

_____

**6** **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ► ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7** **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

► **IF NOT COMPLETED. SIGNED. AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| | | |
|---|---|---|
| _[signature]_ | July 9, 2019 | Secretary |
| Signature | Date | Title (if applicable) |

Amory Feriae

| | |
|---|---|
| Print Name | Print name of taxpayer from line 1 if other than individual |

## Part II    Declaration of Representative

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

**b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

**c** Enrolled Agent—enrolled as an agent by the Internal Revenue Service per the requirements of Circular 230.

**d** Officer—a bona fide officer of the taxpayer organization.

**e** Full-Time Employee—a full-time employee of the taxpayer.

**f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

**h** Unrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). *See Special Rules and Requirements for Unenrolled Return Preparers in the instructions for additional information.*

**k** Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.

**r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

► **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

**Note:** For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable). | Bar, license, certification, registration, or enrollment number (if applicable). | Signature | Date |
|---|---|---|---|---|
| a | Illinois | IL-6310511 | _[signature]_ | 7/9/19 |
| a | Illinois | IL-6309295 | _[signature]_ | 7/9/19 |
| a | Illinois | IL-6226526 | _[signature]_ | 7/9/19 |
| a | Illinois | IL-6328412 | _[signature]_ | 7/9/19 |
| | | | | |

Form **2848** (Rev. 1-2018)

ALEARIS_00003

PAYMENT ENCLOSED

ALEARIS_00004

To: Robert 0411855178    Page 1 of 31          2020-01-03 18:18:42 (GMT)          13126261610 From: Wagenmaker & Oberly LLC

# FAX COVER SHEET

| TO | Robert 0411855178 |
| --- | --- |
| COMPANY | IRS |
| FAX NUMBER | 18552950851 |
| FROM | Wagenmaker & Oberly LLC |
| DATE | 2020-01-03 18:17:54 GMT |
| RE | UNKNOWN |

## COVER MESSAGE

Dear Robert,

Thank you for your call today. Please find attached my client's determination letter request sent July 9, 2019. As noted within the request, this is not a request for reclassification of private foundation status as per Form 8940, nor is it a request for recognition of tax-exempt status under 501(c)(3). It is a letter request pursuant to Revenue Procedure 2019-5 Sections 3.01(3)(b) and 4.02(7)(b).

Regards,
Paul Winters

Contact plut   312-626-1600

Robert
0411855178

RECEIVED BY IRS-EEFAX     01/03/2020 1:41PM (GMT-05:00)

Exhibit 3-D                                              ALEARIS_00005

2020-01-03 18:18:42 (GMT)    13126261610 From: Wagenmaker & Oberly LLC

7/9/2019    FedEx Ship Manager - Print Your Label(s)



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00006

To: Robert 0411855178     Page 3 of 31          2020-01-03 18:18:42 (GMT)          13126261610  From: Wagenmaker & Oberly LLC

| Form **2848**<br>(Rev. January 2018)<br>Department of the Treasury<br>Internal Revenue Service | **Power of Attorney**<br>**and Declaration of Representative**<br>▶ Go to *www.irs.gov/Form2848* for instructions and the latest information. | OMB No. 1545-0100<br>**For IRS Use Only**<br>Received by:<br>Name _____<br>Telephone _____<br>Function _____<br>Date ___/___/___ |
|---|---|---|

**Part I**  **Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1**   **Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address<br><br>Alearis, Inc. | Taxpayer identification number(s)<br>83-4681574 |
|---|---|
| | Daytime telephone number<br>312-626-1600 | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2**   **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address<br>Paul Z. Winters<br>53 W. Jackson Blvd., Suite 1734<br>Chicago, IL 60604 | CAF No. 0311-24073R<br>PTIN P01703744<br>Telephone No. 312-626-1600<br>Fax No. 312-626-1610 |
|---|---|
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☑  Telephone No. ☑  Fax No. ☐ |
| Name and address<br>Jonathan Hwang<br>53 W. Jackson Blvd., Suite 1734<br>Chicago, IL 60604 | CAF No. 0313-07410R<br>PTIN P01616353<br>Telephone No. 312-626-1600<br>Fax No. 312-626-1610 |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☑  Telephone No. ☑  Fax No. ☑ |
| Name and address<br>Ryan Oberly<br>53 W. Jackson Blvd., Suite 1734<br>Chicago, IL 60604 | CAF No. 0303-45915R<br>PTIN<br>Telephone No. 312-626-1600<br>Fax No. 312-626-1610 |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☑  Telephone No. ☑  Fax No. ☐ |
| Name and address<br>Sally R. Wagenmaker<br>53 W. Jackson Blvd., Suite 1734<br>Chicago, IL 60604 | CAF No. 0302-28511R<br>PTIN P01617018<br>Telephone No. 312-626-1600<br>Fax No. 312-626-1610 |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☑  Telephone No. ☑  Fax No. ☑ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3**   **Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower,<br>Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility<br>Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number<br>(1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable)<br>(see instructions) |
|---|---|---|
| Determination Letter Request | N/A | 2019 |
| | | |
| | | |

**4**   **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Use Not Recorded on CAF . . . . . . . . . . . . . . . ▶ ☐

**5a**   **Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information):  ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return;

☐ Other acts authorized: _____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.     Cat. No. 11980J     Form **2848** (Rev. 1-2018)

RECEIVED BY IRS-EEFAX     01/03/2020  1:41PM  (GMT-05:00)

ALEARIS_00007

Form 2848 (Rev. 1-2018)                                                                                                  Page **2**

**b**  **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): ------------------------

**6**  **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7**  **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

|  |  |  |
|---|---|---|
| *[signature]* | July 9, 2019 | Secretary |
| Signature | Date | Title (if applicable) |

Amory Ferlae

| | |
|---|---|
| Print Name | Print name of taxpayer from line 1 if other than individual |

| **Part II** | **Declaration of Representative** |
|---|---|

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;
• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

  **a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
  **b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.
  **c** Enrolled Agent—enrolled as an agent by the Internal Revenue Service per the requirements of Circular 230.
  **d** Officer—a bona fide officer of the taxpayer organization.
  **e** Full-Time Employee—a full-time employee of the taxpayer.
  **f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).
  **g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).
  **h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). *See Special Rules and Requirements for Unenrolled Return Preparers in the instructions for additional information.*
  **k** Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.
  **r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

**Note:** For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable). | Bar, license, certification, registration, or enrollment number (if applicable). | Signature | Date |
|---|---|---|---|---|
| a | Illinois | IL-6310511 | *[signature]* | 7/9/19 |
| a | Illinois | IL-6309295 | *[signature]* Jonathan Havey | 7/9/19 |
| a | Illinois | IL-6226526 | *[signature]* | 7/9/19 |
| a | Illinois | IL-6328412 | *[signature]* Sall R. Negron | 7/9/19 |
|  |  |  |  |  |

Form **2848** (Rev. 1-2018)

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00008

Case Case 1:20-cv-08808-LGG Document 22 SEAL Filed 01/21/20 Page Page 68 of 38

2678

# WAGENMAKER & OBERLY

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com
2-1/710

Chicago, Illinois
www.wagenmakerlaw.com

07/08/2019

PAY TO THE    Internal Revenue Service
ORDER OF

$ **400.00

Four hundred and 00/100*************************************************

DOLLARS

Wagenmaker & Oberly, LLC

AUTHORIZED SIGNATURE

MEMO    Alearis, Inc -  FEIN 83-4681574
Request for determination
of non-private foundation status

⑆002678⑆ ⑆071000013⑆ 498291795⑆

---

Wagenmaker & Oberly, LLC - Payee Copy                                    2678
07/08/2019           Internal Revenue Service
                         Alearis, Inc -  FEIN 83-4681574 Request for determir       400.00

100 Chase Business Checking (100)        Alearis, Inc -  FEIN 83-4681574 Request for determination of non-400.00

---

Wagenmaker & Oberly, LLC - Firm Copy                                     2678
Business Account
         07/08/2019        Internal Revenue Service
                         Alearis, Inc -  FEIN 83-4681574 Request for determir       400.00

100 Chase Business Checking (100)        Alearis, Inc -  FEIN 83-4681574 Request for determination of non-400.00

PRODUCT DLT254    USE WITH 9 1063 ENVELOPE    Deluxe Corporation 1-800-328-0304 or www.deluxe.com/shop



WAGENMAKER & OBERLY

July 11, 2019

Internal Revenue Service
201 West Rivercenter Blvd.
Attn: Extracting Stop 31
Covington, KY 41011

*Sent via Federal Express, Tracking Number 7756 6519 6927*

RE:     **Alearis, Inc. FEIN: 83-4681574**
        **Request for Determination of Non-Private Foundation Status Pursuant to**
        **IRC Sections 509(a)(1), 170(b)(1)(A)(i)**

| Mailing Address: | Registered Address: |
|---|---|
| Alearis, Inc. | Alearis, Inc., c/o A Registered Agent, Inc. |
| 53 W. Jackson Blvd, Suite 1734 | 8 the Green, Suite A |
| Chicago, IL 60604 | Dover, DE 19901 |

Dear IRS Representative:

Alearis, Inc., a Delaware nonstock corporation ("Alearis"), as appointee of certain powers assigned in religious Trust (the "Ecclesiological Trust" or "Trust") to carry out the functions of its parent church established at time immemorial (the "Church") and pursuant to Revenue Procedure 2019-5 Sections 3.01(3)(b) and 4.02(7)(b), hereby respectfully requests, through this Letter Request and its attached exhibits (collectively "Letter Request"), recognition and classification of non-private foundation status under Internal Revenue Code ("Code") Sections 509(a)(1) and 170(b)(1)(A)(i). Alearis is not requesting a determination of its tax-exempt status under Section 501(c)(3) of the Code.

To assist in your recognition of Alearis, Inc.'s 509(a)(1) / 170(b)(1)(A)(i) status, we are providing the following:

1. Form 2848, executed by Alearis, Inc.
2. Alearis, Inc.'s Certificate of Incorporation;
3. Alearis, Inc.'s Bylaws;
4. A statement of facts pertaining to the request;
5. A statement of applicable authorities;
6. Attorney's check #2678 for the $400 user fee, as per Revenue Procedure 2019-5, 4.07, Appendix A, Issue (14).

To verify that you have received these documents, please date stamp the enclosed first page of this letter and Form 2848. Please return both to me in the self-addressed,

〗 312.626.1600        53 W. JACKSON BLVD, SUITE 1734        145 RIVER LANDING DR, SUITE 202
〗 312.626.1610        CHICAGO, IL 60604                     CHARLESTON, SC 29492

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

To: Robert 0411855178    Page 7 of 31                2020-01-03 18:18:42 (GMT)                13126261610 From: Wagenmaker & Oberly LLC

stamped envelope, enclosed for your convenience. _____

Nondisclosure Request: As designated herein below, before any public disclosure of this Letter Request, Alearis, Inc., requests deletion of Sections I and III in their entirety, and Alearis, Inc.'s Bylaws attached hereto as Exhibit B, which jointly and severally constitute "trade secrets and commercial or financial information obtained from a person and privileged or confidential" within the meaning of 5 U.S.C. § 552(b)(4) and 26 U.S.C. § 6110(c)(4).

Based on the materials listed above, Alearis, Inc. should qualify for non-private foundation status under Code Sections 509(a)(1) and 170(b)(1)(A)(i) beginning from its date of formation.

I trust that this Letter Request and the attached documentation are sufficient for the purposes intended, but if you have any questions or need additional information, please feel free to call upon me at the above number. Thank you for your attention to this matter.

Sincerely,

Paul Winters
Attorney at Law

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)
ALEARIS_00011

Alearis, Inc.

Letter Request Pursuant to Section 3.01(3)(b) and
4.02(7)(b) of Revenue Procedure 2019-05

Classification or reclassification of private foundation status, including whether an
organization is -
A public charity described in §§ 509(a)(1) and 170(b)(1)(A)(i)

<u>Attestations</u>

I hereby certify that the Corporation is in good standing with the Secretary of State of
Delaware and that the attached copies of the Certificate of Incorporation and Bylaws are
true, accurate, and complete as of the date set forth below.

Under penalties of perjury, I declare that I have examined this request, or this modification
to the request, including accompanying documents, and, to the best of my knowledge and
belief, the request or the modification contains all the relevant facts relating to the request,
and such facts are true, correct, and complete.

Amory Feriae, Secretary of Alearis, Inc.
July 3, 2019

### IMPORTANT DISCLAIMER:

In furtherance of this Letter Request, Alearis, Inc. is disclosing substantial amounts of
information to the Internal Revenue Service, including information that constitutes "trade
secrets and commercial or financial information obtained from a person and privileged or
confidential" within the meaning of 5 U.S.C. § 552(b)(4) and 26 U.S.C. § 6110(c)(4).
Specifically, details of sacred design methods, unpublicized revelations of the ancient
Ecclesiological Trust, appointments of divine powers, assignments of authorities, and
aspects of secret religious processes which, in aggregate, and in some cases independently,
constitute trade secrets and confidential information of enormous and irreplaceable value
to the church.

ALEARIS_00012

Case 1:20-cv-00808-LKG Document 50-1 Filed 01/12/21 Page 13 of 68
Case 1:20-cv-00808-LKG Document 22 SEALED Filed 11/02/20 Page 13 of 38

To: Robert 0411855178    Page 9 of 31              2020-01-03 18:18:42 (GMT)              13126261610 From: Wagenmaker & Oberly LLC

\*\*PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE\*\*
\*\*CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS\*\*

## I.    STATEMENT OF FACTS

REQUEST FOR NONDISCLOSURE:

THIS SECTION I CONTAINS "TRADE SECRETS AND COMMERCIAL OR FINANCIAL INFORMATION
OBTAINED FROM A PERSON AND PRIVILEGED OR CONFIDENTIAL" WITHIN THE MEANING OF 5
U.S.C. § 552(B)(4) AND 26 U.S.C. § 6110(C)(4).  ALEARIS, INC. REQUESTS THIS SECTION I BE
DELETED IN ITS ENTIRETY BEFORE MAKING THIS LETTER REQUEST AVAILABLE FOR PUBLIC
INSPECTION PURSUANT TO 5 U.S.C. § 552 AND 26 U.S.C. § 6110.

### A.  Introduction and Church History

Alearis, Inc. ("Alearis") is a Delaware non-stock corporation established to carry
out the functions of a church dating to time immemorial (the "Church").  Long ago, the
Old Ones established the Church by placing certain property collectively known as the
Game, into trust (the "Ecclesiological Trust" or "Trust").

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)
ALEARIS_00013

**\*\*PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE\*\***
**\*\*CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS\*\***

### B. Alearis, Inc.

In furtherance of the Church's religious purposes, Alearis, Inc. was incorporated in Delaware as an exempt, nonstock religious corporation. See Certificate of Incorporation, attached hereto as Exhibit A.
The sole purpose of Alearis is to carry out functions of the Church through acting as a civil interface to the temporal world.

## II.   STATEMENT OF AUTHORITIES

### A.  Procedural Basis for Determination

The following authorities provide the procedural basis for determining if an organization is described by 509(a)(1) / 170(b)(1)(A)(i)

#### 26 U.S. Code § 509. Private foundation defined

**General rule.** For purposes of this title, the term "private foundation" means a domestic or foreign organization described in Section 501(c)(3) other than—

> *an organization described in Section 170(b)(1)(A) (other than in clauses (vii) and (viii));*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

#### 26 U.S. Code § 170. Charitable, etc., contributions and gifts

(b) Percentage limitations

   (1) Individuals: In the case of an individual, the deduction provided in subsection (a) shall be limited as provided in the succeeding subparagraphs.

   (A) General rule: Any charitable contribution to—

   (i) *a church or a convention or association of churches,*

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00014

\*\*PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE\*\*
\*\*CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

26 C.F.R. § 1.509(a)-6 provides that if an organization is described in Section 509(a)(1) and also in another paragraph of Section of 509(a), it will be treated as described in Section 509(a)(1).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

For the purposes of Section 7611 of the Code, the term church includes any organization claiming to be a church. 26 USC 7611(h)(1).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## B. Statement of Supporting Authorities

Federal law unambiguously supports recognition of Alearis, Inc. as a non-private foundation described in 509(a)(1) / 170(b)(1)(A)(i). Pertinent supporting authorities are as follows

### 26 CFR § 1.511-2 - Organizations subject to tax.

Organizations other than trusts and title holding companies.

The term **church** includes a religious order or a religious organization if such order or organization (a) is an integral part of a church, and (b) is engaged in carrying out the functions of a church, whether as a civil law corporation or otherwise. In determining whether a religious order or organization is an integral part of a church, consideration will be given to the degree to which it is connected with, and controlled by, such church. A religious order or organization shall be considered to be engaged in carrying out the functions of a church if its duties include the ministration of sacerdotal functions and the conduct of religious worship. If a religious order or organization is not an integral part of a church, or if such an order or organization is not authorized to carry out the functions of a church (ministration of sacerdotal functions and conduct of religious worship) then it is subject to the tax imposed by Section 511 whether or not it engages in religious, educational, or charitable activities approved by a church. What constitutes the conduct of religious worship or the ministration of sacerdotal functions depends on the tenets and practices of a particular religious body constituting a church. If a religious order or organization can fully meet the requirements stated in this subdivision, exemption from the tax imposed by Section 511 will apply to all its activities, including those which it conducts through a separate corporation (other than a corporation described in Section 501(c)(2)) or other separate entity which it wholly owns and which is not operated

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)
ALEARIS_00015

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

for the primary purpose of carrying on a trade or business for profit. Such exemption from tax will also apply to activities conducted through a separate corporation (other than a corporation described in Section 501(c)(2)) or other separate entity which is wholly owned by more than one religious order or organization, if all such orders or organizations fully meet the requirements stated in this subdivision and if such corporation or other entity is not operated for the primary purpose of carrying on a trade or business for profit. 26 CFR 1.511-2(a)(3)(ii).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### *26 U.S. Code § 508. Special rules with respect to Section 501(c)(3) organizations*

**(a) New organizations must notify Secretary that they are applying for recognition of Section 501(c)(3) status**

> \*\*\*

**(b) Presumption that organizations are private foundations**

> *Except as provided in subsection (c), any organization (including an organization in existence on October 9, 1969) which is described in Section 501(c)(3) and which does not notify the Secretary, at such time and in such manner as the Secretary may by regulations prescribe, that it is not a private foundation shall be presumed to be a private foundation.*

**(c) Exceptions**

> **(1)** *Mandatory Exceptions* Subsections (a) and (b) shall not apply to—

>> **(A)** churches, their integrated auxiliaries, and conventions or associations of churches

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### C. Constitutional Considerations

**1. A Church's Appointment of Its Own Religious Representatives Enjoys Absolute Constitutional Protection.**

By a 9-0 margin, the Supreme Court affirmed churches' absolute right to appoint their own religious representatives. In reversing the Sixth Circuit, the Court held that the government's enforcement of an ADA claim against a church that fired a minister

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

infringed on both religious clauses of the First Amendment: "By imposing an unwanted minister, the state infringes the Free Exercise Clause, which protects a religious group's right to shape its own faith and mission through its appointments. According the state the power to determine which individuals will minister to the faithful also violates the Establishment Clause, which prohibits government involvement in such ecclesiastical decisions." Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C., 565 U.S. 171, 188–89, 132 S. Ct. 694, 706, 181 L. Ed. 2d 650, 663 (2012).

### 2. The Government May Not Countermand an Organization's Sincere Characterization of Religious Activity.

The United States Constitution requires that the federal government give deference to and not countermand a religious organization's characterization of its own religious activities. In New York v. Cathedral Academy, 434 U.S. 125 (1977), the Court struck down a statute that reimbursed private religious schools for certain activities if such activities were devoid of religious content. In holding the statute unconstitutional, the Court noted that the "sort of detailed inquiry" required by the statute "would itself constitute a significant encroachment on the protections of the First and Fourteenth Amendments." Id. at 132. The Court concluded that "[t]he prospect of church and state litigating in court about what does or does not have religious meaning touches the very core of the constitutional guarantee against religious establishment." Id. at 133. See also Lemon v. Kurtzman, 403 U.S. 602, 620, 91 S. Ct. 2105, 2115, 29 L. Ed. 2d 745, 760 (1971) (holding that state evaluation of religious content of a religious organization is fraught with the sort of entanglement that the Constitution forbids), World Vision, Inc., 633 F.3d at 729 (quoting Colo. Christian Univ. v. Weaver, 534 F.3d 1245, 1259 (10th Cir. 2008)) (noting that such governmental interpretation "raise[s] the specter of constitutionally impermissible discrimination between institutions on the basis of the 'pervasiveness or intensity' of their religious beliefs."), Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 537 (1993) (holding that "individualized governmental assessment[s]" of religious practices are unconstitutional).

### 3. Civil Authorities Must Not Impair Ecclesiastical Entities' Right to Self-Governance and Self-Determination.

The government may not inquire into or oppose a church in its ecclesiastical structures, operations, appointments, and other juridical activities. In Serbian E. Orthodox Diocese for U. S. of Am. & Canada v. Milivojevich, 426 U.S. 696 (1976), the Supreme Court of the United States reversed the Illinois Supreme Court, which held that a Serbian Orthodox Church's removal of one of the church's bishops had to be set aside as "arbitrary." According the Court the state high court erred by conducting a "detailed review" of the hierarchical church's procedures for removal. Id. at 718. Such inquiry was impermissible under the First and Fourteenth Amendment. Id. According to the Court, the Illinois Supreme Court unconstitutionally undertook "the resolution of quintessentially

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

religious controversies whose resolution the First Amendment commits exclusively to the highest ecclesiastical tribunals of this hierarchical church." Id. At 720. The Court further emphasized the church's constitutional right to ecclesiastical self-determination, citing Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church, 393 U.S. 440, 446 (1969): "In this country the full and free right to entertain any religious belief, to practice any religious principle, and to teach any religious doctrine which does not violate the laws of morality and property, and which does not infringe personal rights, is conceded to all. The law knows no heresy, and is committed to the support of no dogma, the establishment of no sect. * * * All who unite themselves to such a body (the general church) do so with an implied consent to (its) government, and are bound to submit to it. But it would be a vain consent and would lead to the total subversion of such religious bodies, if any one aggrieved by one of their decisions could appeal to the secular courts and have them (sic) reversed."

4. **Any Federal Burden on Religious Exercise Must Further a Compelling Government Interest Using the Least Restrictive Means.**

The Religious Freedom Restoration Act of 1993 (RFRA) prohibits the "Government [from] substantially burden[ing] a person's exercise of religion even if the burden results from a rule of general applicability" unless the Government "demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 682, 134 S. Ct. 2751, 2754, 189 L. Ed. 2d 675, 681 (2014). Where the state denies "a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify [its] behavior and to violate [its] beliefs, a burden upon religion exists." Thomas v. Review Bd. of Indiana Employment Sec. Div., 450 U.S. 707, 717, 101 S. Ct. 1425, 1431, 67 L. Ed. 2D 624 (1981)

5. **Absent Clear Legislative Intent to the Contrary, the Language of a Statute is Conclusive.**

In reading the meaning of a statute, the starting point is the language of the statute itself unless the legislative history suggests alternative interpretation by Congress. Consumer Product Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). When the legislative intent is ambiguous, the statute should be construed in the light of Congress' purpose in enacting it as expressed in the legislative history. Train v. Colorado Public Interest Research Group, Inc., 426 U.S. 1, 9-10, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434 (1976).

\*\*PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE\*\*
\*\*CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS\*\*

## III.   ANALYSIS

### REQUEST FOR NONDISCLOSURE:

THIS SECTION III CONTAINS "TRADE SECRETS AND COMMERCIAL OR FINANCIAL
INFORMATION OBTAINED FROM A PERSON AND PRIVILEGED OR CONFIDENTIAL" WITHIN THE
MEANING OF 5 U.S.C. § 552(B)(4) AND 26 U.S.C. § 6110(C)(4). ALEARIS, INC. REQUESTS
THIS SECTION III BE DELETED IN ITS ENTIRETY BEFORE MAKING THIS LETTER REQUEST
AVAILABLE FOR PUBLIC INSPECTION PURSUANT TO 5 U.S.C. § 552 AND 26 U.S.C. § 6110.

### A. Alearis, Inc. is a Church Described in 509(a)(1) / 170(b)(1)(A)(i) Because it is a Church Described by 26 CFR 1.511-2

Like many groups engaged in the conduct of worship, such as the Muslim
community of faith and the Roman Catholic Church, Alearis, Inc. acts exclusively at the
behest of its religious progenitor. In the case of Alearis, Inc., the religious progenitor is
the Church, and Alearis, Inc. represents the Church's will in the temporal world through
its worship and work. In so doing, Alearis, Inc. meets the two-part test for a "church" set
forth in the Code of Federal Regulations, 26 CFR section 1.511-2. Specifically, the CFR
provides that the *"term church includes a religious order or a religious organization if
such order or organization (a) is an integral part of a church, and (b) is engaged in
carrying out the functions of a church, whether as a civil law corporation or otherwise."*
26 C.F.R. 1.511-2(a)(3)(ii).

The organization and operations of Alearis, Inc. are both an integral part of a
church and engaged in carrying out the functions of a church within the meaning of the
two-part test the Service has set forth in its regulations, as follows

#### 1.   Pursuant to Part (a) of the Two Part Test, Alearis, Inc. is an Integral Part of a Church

**Alearis, Inc. is an appointee of power under the Ecclesiological Trust responsible
for carrying out the functions of the Church in the temporal world**



#### a.   Alearis, Inc. Meets the "Integral Part" Guidance Provided in 26 CFR Section 1.511-2

The regulations at 1.511-2 provide guidance for determining whether a religious

RECEIVED BY IRS-EEFAX     01/03/2020 1:41PM (GMT-05:00)
ALEARIS_00019

Case 1:20-cv-00080-LDG Document 2 SEALED Filed 01/21/20 Page 20 of 38

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

organization is an "integral part" of a church, stating —

> *"In determining whether a religious order or organization is an integral part of a church, consideration will be given to the degree to which it is connected with, and controlled by, such church."*

Alearis' Certificate of Incorporation provides that it is "organized exclusively for religious purposes to perform or carry out the functions of the Church founded at time immemorial when the Old Ones placed the Game into ecclesiastical trust for such purpose." See Certificate of Incorporation at Exhibit A. Notably, the Church is the sole member of Alearis, Inc. For this reason, the Church exercises complete control over the corporation. The laws of Delaware reserve strong corporate powers for the Church as sole member. The Church's rights are further protected in the Bylaws, which may not be amended without the express consent of the Church as sole member. See Bylaws at Exhibit B. Thus, Alearis is intrinsically, inherently connected to the Church, as provided in its founding and governing documents.

**b.    Further – Alearis, Inc. is an "Integral Part" of the Church Within the Meaning of 26 CFR Section 1.509(a)-4(i)(4)**

26 CFR Section 1.509(a)-4(i)(4) provides further guidance in describing how an organization may be regarded an "integral part" of another organization, including churches, as described in Section 509(a)(1). The CFR provides, in pertinent part as follows

\*\*\*

> **4    *Integral part test - functionally integrated Type III supporting organization***
>
> > i    *General rule. A supporting organization meets the integral part test and will be considered functionally integrated within the meaning of Section 4943(f)(5)(B), if it —*
>
> *Engages in activities substantially all of which directly further the exempt purposes of one or more supported organizations and otherwise meets the requirements described in paragraph (i)(4)(ii) of this Section;*
>
> *Substantially all activities directly further exempt purposes -*
>
> *In general. A supporting organization meets the requirements of this paragraph (i)(4)(ii) if it engages in activities substantially all of which*
>
> *Directly further the exempt purposes of one or more supported organizations to*

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00020

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

*which the supporting organization is responsive by performing the functions of, or*
*carrying out the purposes of, such supported organization(s); and*

*But for the involvement of the supporting organization, would normally be*
*engaged in by such supported organization(s).*

\*\*\*

Like most other faith traditions whose religious, doctrinal, and philosophical
beliefs and activities stem from civilly inscrutable sources.

Accordingly, Alearis' purpose is
exclusively to carry out the functions of the Church as a civil instrumentality.

Alearis, Inc.'s function is thus consistent with the Service's description of an
organization that is an "integral part" of another organization as set forth in 26 CFR
Section 1.509(a)-4(i)(4): all of the activities of Alearis, Inc. are intended to further the
religious purpose of the Church.

## 2. Pursuant to Part (b) of the Two Part Test, Alearis, Inc. is Engaged in Carrying Out the Functions of a Church

### a. Alearis, Inc. is engaged in carrying out the functions of a church.

As discussed above, Alearis, Inc. is incorporated for the sole purpose of carrying
out the functions of the Church and is a wholly owned subsidiary of the Church. Alearis,
Inc.'s Certificate of Incorporation provides that it is "organized exclusively for religious
purposes to perform or carry out the functions of the Church founded at time immemorial
when the Old Ones placed the Game into ecclesiastical trust for such purpose." See
Certificate of Incorporation at Exhibit C. All of Alearis, Inc.'s activities are devoted to
carrying out the religious purposes of the Church in its worship, doctrine, and
engagement with the temporal world. Alearis, Inc. is the civil mechanism by which the
Church exerts its will. Accordingly, Alearis, Inc. is engaged in carrying out the functions
of a church – the Church.

### b. Alearis, Inc. meets the guidance set forth in 26 CFR Section 1.511-2

26 CFR Section 1.511-2 provides that –

RECEIVED BY IRS-EEFAX      01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00021

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

*which the supporting organization is responsive by performing the functions of, or carrying out the purposes of, such supported organization(s); and*

*But for the involvement of the supporting organization, would normally be engaged in by such supported organization(s).*

\*\*\*

Like most other faith traditions whose religious, doctrinal, and philosophical beliefs and activities stem from civilly inscrutable sources,

Accordingly, Alearis' purpose is exclusively to carry out the functions of the Church as a civil instrumentality.

Alearis, Inc.'s function is thus consistent with the Service's description of an organization that is an "integral part" of another organization as set forth in 26 CFR Section 1.509(a)-4(i)(4): all of the activities of Alearis, Inc. are intended to further the religious purpose of the Church

## 2. Pursuant to Part (b) of the Two Part Test, Alearis, Inc. is Engaged in Carrying Out the Functions of a Church

### a. Alearis, Inc. is engaged in carrying out the functions of a church.

As discussed above, Alearis, Inc. is incorporated for the sole purpose of carrying out the functions of the Church and is a wholly owned subsidiary of the Church. Alearis, Inc.'s Certificate of Incorporation provides that it is "organized exclusively for religious purposes to perform or carry out the functions of the Church founded at time immemorial when the Old Ones placed the Game into ecclesiastical trust for such purpose." See Certificate of Incorporation at Exhibit C. All of Alearis, Inc.'s activities are devoted to carrying out the religious purposes of the Church in its worship, doctrine, and engagement with the temporal world. Alearis, Inc. is the civil mechanism by which the Church exerts its will. Accordingly, Alearis, Inc. is engaged in carrying out the functions of a church – the Church.

### b. Alearis, Inc. meets the guidance set forth in 26 CFR Section 1.511-2

26 CFR Section 1.511-2 provides that –

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00022

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**



A mandatory exception applies to any requirement for notification or application for recognition under 501(c)(3). Moreover, a mandatory exception applies to any presumption that such a church is a private foundation.

Because of its organizational structure, and pursuant to 26 CFR Section 301.7701-1(a)(4) and 26 CFR Section 301.7701-3(b)(1)(ii), Alearis is a disregarded entity with the same foundation status as the Ecclesiological Trust. Like its ecclesiastical parent, Alearis, Inc. is classified as a non-private foundation described in Section 509(a)(1) / 170(b)(1)(A)(i) through Section 508(c)(1)(A) as follows:

Alearis, Inc.'s certificate of incorporation provides that its sole member is the Church. See Certificate of Incorporation at Exhibit A.

**26 CFR § 301.7701-3(b)(1)(ii)** provides that unless the entity elects otherwise, a domestic eligible entity is "Disregarded as an entity separate from its owner if it has a single owner."

**26 CFR § 301.7701-1(a)(4)** provides that "Under §§ 301.7701-2 and 301.7701-3, certain organizations that have a single owner can choose to be recognized or disregarded as entities separate from their owners."

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00023

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

Because Alearis, Inc.'s sole owner is the Church, a non-private foundation described in Section 509(a)(1) / 170(b)(1)(A)(i), then pursuant to Section 26 CFR § 301.7701-3(b)(1)(ii) above, Alearis, Inc., must be recognized by default as a disregarded entity by the Service unless there is an affirmative election to be considered otherwise.

Further, Section 26 CFR § 301.7701-1(a)(4) provides that Alearis, Inc. may choose, at its election, to be recognized as a disregarded entity. In the event that the Service disagrees that Alearis, Inc. is a disregarded entity of the Section 508(c)(1)(A) Ecclesiological Trust in the default, Alearis, Inc. does hereby elect to be recognized as a disregarded entity of the Section 508(c)(1)(A) Ecclesiological Trust.

## IV.   PROCEDURAL MATTERS AND CONCLUDING REMARKS

In compliance with Revenue Procedure 2019-5, I hereby make the following statements individually and on behalf of my client.

To the best of our knowledge, the issue in this determination Letter Request has not been presented in an earlier return of the Church or in the return for any year of a related organization.

To the best of our knowledge, the Service has not previously ruled on this issue or a similar issue for the Church, a related organization, or a predecessor organization.

To the best of our knowledge, none of the Church, a related organization, nor a predecessor previously submitted a request involving the same or similar issue but withdrew it before the determination letter was issued.

To the best of our knowledge, none of the Church, a related Organization, nor a predecessor previously submitted a request involving the same or similar issue that is currently pending with the Service.

To the best of our knowledge, the issue is adequately addressed by relevant authorities.

To the best of our knowledge, there are no contrary authorities that may affect the issue discussed in this request.

To the best of our knowledge, there is no pending legislation that may affect the issues and transactions discussed in this request.

The documents listed on page 1 of this determination Letter Request are attached hereto. In addition, attached are the requisite "Declaration" and "Deletions Statement."

ALEARIS_00024

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

### V.    ADVERSE IMPACT FROM REQUEST DENIAL

There are a number of religious federal exemptions that apply only to churches and church organizations. For instance, there are exemptions from certain employee benefit plan requirements for which churches and church organizations qualify. See Code Section 414. Also, the Code, Section 107, provides for tax exemptions related to housing-related compensation for qualifying church employees who are members of the clergy. Further, churches and church organization employers are exempt from certain unemployment insurance requirements. See Code Section 3306. Finally, various state laws provide exemptions for organizations described as churches under the Code. These exemptions all protect Alearis, Inc.'s religious liberty rights. Alearis, Inc. would be denied these important exemptions if this Letter Request is not granted.

### VI.    CONFERENCE REQUESTED

Please contact Paul Z. Winters (see enclosed Form 2848) if you require additional information to assist your consideration of this request for private foundation classification. Please send any facsimile transmissions to the facsimile number 312-626-1610, Attn. Paul Winters. If for any reason you intend to make an adverse determination as to this Letter Request, a conference with the appropriate Service employees is requested prior to your final determination.

On behalf of Alearis, Inc., I greatly appreciate your consideration and further processing of this request. Please feel free to contact me at the above number if you have any questions or need additional information. Thank you for your attention to this matter.

Sincerely,

Paul Z. Winters,
Attorney at Law

Enclosures:    Form 2848, executed by Alearis, Inc.
               Certificate of Incorporation of Alearis, Inc.
               Bylaws of Alearis, Inc.
               Attorney Check for User Fee

cc:            Alearis, Inc.

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT A

# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT

COPY OF THE CERTIFICATE OF INCORPORATION OF "ALEARIS, INC.",

FILED IN THIS OFFICE ON THE NINTH DAY OF MAY, A.D. 2019, AT

10:56 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE

KENT COUNTY RECORDER OF DEEDS.



Jeffrey W. Bullock, Secretary of State

7411249  8100
SR# 20193701731

Authentication: 202808605
Date: 05-13-19

You may verify this certificate online at corp.delaware.gov/authver.shtml

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00026

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT A

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:56 AM 05/09/2019
FILED 10:56 AM 05/09/2019
SR 20193701731 · File Number 7411149

Certificate of Incorporation

Alearis, Inc.

A Delaware Non-Stock Corporation

The undersigned Incorporator hereby certifies:

1. The name of the Corporation is Alearis, Inc.

2. The Registered Office of the Corporation in the State of Delaware is located at 8 the Green, Ste A, in the City of Dover, County of Kent, Zip Code 19901. The name of the Registered Agent at such address upon whom process against this corporation may be served is A Registered Agent, Inc.

3. The Corporation shall be organized exclusively for religious purposes to perform or carry out the functions of the Church. The "Church" is the church founded at time immemorial when the Old Ones placed the Game into ecclesiastical trust for such purpose.

4. The Corporation shall not have any capital stock.

5. Conditions of Membership:

   a. The sole member of the Corporation is the Church.

   b. 51ee69ad7b35204e0b5cafb0988866fe4a1903f9

   c. The criteria for identifying members of the Corporation shall be stated in the bylaws.

6. The name and mailing address of the incorporator are as follows:

   Name: Paul Z. Winters

   Mailing Address: 53 W. Jackson Blvd, Suite 1734

   Chicago, IL 60604

   By: _____
                                    Incorporator

   By:    Paul Z. Winters

To: Robert 0411855178    Page 24 of 31                2020-01-03 18:18:42 (GMT)        13126261610  From: Wagenmaker & Oberly LLC

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

# BYLAWS

## *of*

# ALEARIS, INC.

A DELAWARE NON-STOCK CORPORATION

**As Duly Adopted by the Member**
this 21st day of June, 2019

**PREPARED BY**
**WAGENMAKER & OBERLY, LLC**

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00028

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
**EXHIBIT B**

## TABLE OF CONTENTS

Article I. Definitions................................................................................................................3

Article II. Corporate Purposes...............................................................................................3

Article III. Membership..........................................................................................................3

    Section A. Sole Member......................................................................................................3

    Section D. General Powers..................................................................................................4

    Section E. Member Meetings .............................................................................................4

    Section F. Transferability....................................................................................................4

Article IV. Board of Directors ................................................................................................5

    Section A. General Powers .................................................................................................5

    Section B. Number and Tenure...........................................................................................5

    Section C. Qualifications ....................................................................................................5

    Section D. Appointment .....................................................................................................5

    Section E. Resignation and Removal ..................................................................................5

    Section F. Vacancies ..........................................................................................................5

    Section G. Compensation ...................................................................................................5

    Section H. Confidentiality ..................................................................................................6

Article V. Meetings of the Board of Directors........................................................................6

Article VI. Officers and Agents..............................................................................................6

Article VII. Indemnification of Directors and Officers ..........................................................6

    Section A. Indemnification..................................................................................................6

    Section B. Advancement of Expenses..................................................................................7

    Section C. Other Indemnification........................................................................................7

    Section D. Insurance...........................................................................................................7

    Section E. Repeal, Amendment, or Modification.................................................................7

Article VIII. Miscellaneous ...................................................................................................8

    Section A. Amendments .....................................................................................................8

    Section B. Corporate Acquisition, Consolidation, Merger, or Dissolution ..........................8

    Section C. Inconsistencies with Certificate of Incorporation...............................................8

    Section D. Severability .......................................................................................................8

BYLAWS OF ALEARIS, INC.                                                                 Page 2

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)

ALEARIS_00029

To: Robert 0411855178     Page 26 of 31                    2020-01-03 18:18:42 (GMT)                    13126261610 From: Wagenmaker & Oberly LLC

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

# BYLAWS
## OF
## ALEARIS, INC.

## ARTICLE I. DEFINITIONS

The following terms used in these bylaws shall have the meanings set forth below.

1. The "Church" is the church founded at time immemorial when the Old Ones placed the Game into ecclesiological trust for such purpose.

2. "Corporation" means Alearis, Inc., a Delaware nonstock corporation.

3. "Act" means the General Corporation Law of Delaware, as amended.

## ARTICLE II. CORPORATE PURPOSES

As set forth in the Certificate of Incorporation, the Corporation is organized and operated exclusively for religious purposes to perform or carry out the functions of the Church.

## ARTICLE III. MEMBERSHIP

### Section A. Sole Member

The Church shall be the sole member ("Member") of the Corporation.



BYLAWS OF ALEARIS, INC.                                                    Page 3

RECEIVED BY IRS-EEFAX     01/03/2020 1:41PM (GMT-05:00)

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

### Section D. General Powers

The Member shall be entitled to one vote on each matter reserved to the Membership in these bylaws. More specifically, the express written approval of the Member shall be required for the following actions of the Corporation:

*1.* Any merger, dissolution, or liquidation of the Corporation;

*2.* Any amendments to the Certificate of Incorporation or these bylaws;

*3.* The creation of subsidiary corporations;

*4.* The establishment of joint ventures, partnerships, or affiliations;

*5.* The unbudgeted sale, pledge, lease, or other transfer of any corporate assets exceeding ten-thousand dollars ($10,000 USD), with the exception of any interest of the sale, lease, transfer, or other conveyance of any portion of the real property which shall always be subject to the approval of the Member.

*6.* The approval of the Corporation's annual operating budget;

*7.* Appointment and number of Directors to the Corporation's Board of Directors;

*8.* Removal of Directors from the Corporation's Board of Directors.

In addition, the Corporation's Board of Directors shall promptly provide copies of all minutes of Board meetings and resolutions to the Member, and copies of financial and operational reports as requested from time to time by the Member.

### Section E. Member Meetings

Being a Corporation with one Member, the Corporation shall not be required to hold membership meetings. The Member shall exercise its voting rights in the form of a corporate resolution adopted and certified by the Member. The resolution shall have the same effect as an informal action of the Membership in accordance with Del. Code Ann. tit. 8, § 228 (West). The Member's resolution shall be delivered to the Board of Directors of the Corporation and shall be effective upon receipt unless another effective date is specified therein.

### Section F. Transferability

The Member may, at any time, in its sole discretion, appoint and transfer its membership rights in the Corporation.

RECEIVED BY IRS-EEFAX    01/03/2020 1:41PM (GMT-05:00)
ALEARIS_00031

To: Robert 0411855178    Page 28 of 31          2020-01-03 18:18:42 (GMT)          13126261610 From: Wagenmaker & Oberly LLC

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

# ARTICLE IV. BOARD OF DIRECTORS

## Section A. General Powers

The affairs, business, and all legal matters of the Corporation shall be managed by its Board of Directors.

## Section B. Number and Tenure

The Board of Directors shall be composed of one Director, who shall be appointed by the Member. The Corporation may, from time to time, by amendment of these bylaws, change the minimum and maximum number of Directors.

The Director shall hold office without term and shall hold office until his or her successor has been qualified and appointed.

## Section C. Qualifications

Those who seek to be the Director of the Corporation personally affirm the Corporation's statement of purpose, must abide in all respects with the corporate policies set forth in these bylaws, and must characterize personal commitment to the values of the Corporation.

## Section D. Appointment

The Director shall be appointed without term by the Member in the Member's sole discretion. The Director shall hold office until the first of the following to occur: until his or her successor shall have been duly appointed and shall have qualified; until his or her death or disability; until he or she shall resign in writing; or until he or she shall have been removed in the manner hereinafter provided.

## Section E. Resignation and Removal

The Director may resign at any time by giving written notice to the Member. Such resignation, which may or may not be made contingent on formal acceptance, shall take effect on the date of receipt or at any later time specified therein. The Director may be removed with or without cause at any time by resolution adopted by the Member.

## Section F. Vacancies

Upon a vacancy occurring in the Board of Directors, such vacancy shall be filled through appointment of a new Director by the Member as soon as is practicable.

## Section G. Compensation

The Director shall not receive compensation for his or her services as the Director. However, by resolution of the Member, expenses of attendance, if any, may be reimbursed to the Director in his or her performance of the duties of the office of Director, provided that nothing herein

BYLAWS OF ALEARIS, INC.                                                        Page 5

ALEARIS_00032

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

contained shall be construed to preclude the Director from serving the Corporation in any other capacity and receiving reasonable compensation therefor.

### Section H. Confidentiality

The Directors, any officers, and key employees of the Corporation are expected to (1) maintain appropriate confidentiality of information related to the Corporation, including donor and supporter lists and related records, fundraising strategies, financial information about the Corporation, organizational plans, marketing information, expense information, personnel matters, and all credentials used to access physical or digital media containing information related to the Corporation and any software or services owned, leased, subscribed to, or used by the Corporation for the Corporation's purposes, including, but not limited to, computer login identification, passwords, and hashes, email login identification and passwords, serial numbers or software keys for local copies of software, and cloud-based services login identification and passwords, and (2) to prevent unauthorized disclosure to any outside party, except to the extent such information is otherwise disclosed in accordance with the ordinary course of business to the public or third parties or otherwise is required to be disclosed under applicable law. Such confidentiality is expected to be maintained at all times subsequent to service to the Corporation.

## ARTICLE V. MEETINGS OF THE BOARD OF DIRECTORS

Being comprised of one Director, the Board of Directors shall not be required to conduct annual or special meetings. The Board of Directors shall exercise its voting rights in the form of a corporate resolution adopted and certified by the Director. The resolution shall have the same effect as an action approved by a majority of the Board of Directors, at a duly called and convened meeting of the Board of Directors with quorum present, and sufficient notice given, in accordance with Del. Code Ann. tit. 8, § 141(b). The Director's resolution shall be deemed immediately effective unless another effective date is specified therein.

## ARTICLE VI. OFFICERS AND AGENTS

The Board of Directors may appoint officers who shall serve without term, which may consist of a President, a Vice President, a Secretary, a Treasurer, or such other officers and assistant officers and agents as may be deemed necessary, elected, or appointed by the Board. Any two (2) or more offices may be held by the same person. Any officer or agent may be removed by the Board of Directors whenever, in its judgment, the best interest of the Corporation shall be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed.

## ARTICLE VII. INDEMNIFICATION OF DIRECTORS AND OFFICERS

### Section A. Indemnification.

The Corporation shall indemnify and hold harmless to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person who was or is made or is

BYLAWS OF ALEARIS, INC.                                                      Page 6

ALEARIS_00033

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

threatened to be made a party or is otherwise involved in any action, suit, or proceeding, whether civil, criminal, administrative, or investigative (a "Proceeding"), by reason of the fact that he or she, or a person for whom he or she is the legal representative, is or was the Member, a Director, or officer, or employee, or agent of the Corporation or, while the Member, a Director, or officer, or employee, or agent of the Corporation, is or was serving at the request of the Corporation as a Director, officer, employee, or agent of another corporation, partnership, joint venture, trust, enterprise, or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) actually and reasonably incurred by such person. Notwithstanding the preceding sentence, the Corporation shall be required to indemnify a person in connection with a Proceeding (or part thereof) commenced by such person only if the commencement of such Proceeding (or part thereof) by the person was authorized in the specific case by the Board of Directors.

### Section B. Advancement of Expenses.

The Corporation shall pay the expenses (including attorneys' fees) actually and reasonably incurred by the Member, a Director, or officer, or employee, or agent of the Corporation in defending any Proceeding in advance of its final disposition, upon receipt of an undertaking by or on behalf of such person to repay all amounts advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal that such person is not entitled to be indemnified for such expenses under this Section B, or otherwise. Payment of such expenses actually and reasonably incurred by such person, may be made by the Corporation, subject to such terms and conditions as the general counsel of the Corporation in his or her discretion deems appropriate.

### Section C. Other Indemnification.

The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as the Member, a Director, officer, employee, or agent of another corporation, partnership, joint venture, trust, enterprise, or nonprofit entity shall be reduced by any amount such person may collect as indemnification from such other corporation, partnership, joint venture, trust, enterprise, or nonprofit entity.

### Section D. Insurance.

The Corporation may purchase and maintain insurance on behalf of any person who is or was the Member, or a Director, officer, employee, or agent of the Corporation, or is or was serving at the request of Corporation as a Director, officer, employee, or agent of another corporation, partnership, joint venture, trust, enterprise, or nonprofit entity against any liability asserted against him or her and incurred by him or her in any such capacity, or arising out of his or her status as such, whether or not the Corporation would have the power to indemnify him or her against such liability under the provisions of the Act.

### Section E. Repeal, Amendment, or Modification.

Any amendment, repeal, or modification of this Article VII shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.

BYLAWS OF ALEARIS, INC.                                                                 Page 7

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

## ARTICLE VIII. MISCELLANEOUS

### Section A. Amendments

In the event the Certificate of Incorporation or Bylaws are to be altered, amended, or repealed, the Board of Directors shall adopt a resolution setting forth the proposed amendment(s) and submit copies of the proposed amendment(s) to the Member for approval. No amendments to the Certificate of Incorporation or Bylaws shall be adopted unless approved by the Member.

### Section B. Corporate Acquisition, Consolidation, Merger, or Dissolution

In the event of a proposed acquisition, consolidation, merger or dissolution, the Board of Directors shall adopt a plan setting forth the terms and conditions of the proposed transaction and such other provisions with respect to the proposed transaction as are deemed necessary under applicable state law or desirable. No acquisition, merger, or other dissolution shall be adopted unless approved the Member.

### Section C. Inconsistencies with Certificate of Incorporation

If any provision of these bylaws is inconsistent with a provision of the Corporation's Certificate of Incorporation, as amended from time to time, the Certificate of Incorporation shall govern.

### Section D. Severability

The invalidity or unenforceability of any provision in these bylaws shall not affect the validity or enforceability of the remaining provisions.

BYLAWS OF ALEARIS, INC.                                                                    Page 8

ALEARIS_00035

| **Receipt & Control Unidentified History Sheet** | | Receive Date | BC 10222019 |
|---|---|---|---|
| Name Control   WAGE | Money Amount 400.00 | DLN 91009-295-10000-9 | |
| Emp No. 8963 | District No. 91 | IMF ☐ BMF ☒ | Remarks 29-15-2019295-006-000002 |
| Telephone   *See Check* | WAGENMAKER & OBERLY UNNOWN | | |
| IDRS Research | BC 2678 | | |

| **Unidentified/Excess History Sheet** | | | Emp No. 6411855178 | Rec In 10-22-19 |
|---|---|---|---|---|
| **Type of Action** | **Date** | **Results or Remarks** | | |
| Telephone | | 83-4681574   Alearis Inc. %  Paul winters 54 W Jackson Blvd Chicago, IL 60604 | | |
| Correspondence | | | | |
| Other | | Determination of Non-profit Status | | |
| IDRS Research | | F Team   6310/2330 | | |

773-272 6126
312-626-1600
1-3-20 @ will fax letter
6-30 Per Sonya's response this money needs to be refunded back there is nothing we can do with it regardless of what the company says. 0411829493

Manual Refund per Marcus

| Notice - | URENT - |
|---|---|
| Electronic - | URINQ - ✓ |
| Bypass - | TraceID - |
| AMS - • | UPTIN - |
| RTR - | TOP - ✓ |

Form **13154** (8-2001)
Previously issued as OSC 369 (Rev. 03-94)

Catalog Number 32633J

Department of the Treasury - **Internal Revenue Service**
publish.no.irs.gov

MH 7/24/20

Exhibit 4-D

ALEARIS_00036

## Extended Research

**Have you researched the following?**
**(check all that apply)**

| | | | |
|---|---|---|---|
| ☐ | NAMES | ☐ | NAMEE |
| ☐ | IADIS | ☐ | IRPTRL |
| ☐ | IMFOLT | ☐ | BMFOLT |
| ☐ | TPIIP | ☐ | ENMOD |

**Main Controls**

| | | | |
|---|---|---|---|
| ☐ | INOLES | ☐ | BMFOLI |
| ☐ | SUMRY | ☐ | IMFOLI |

**Reason for dropping:**

*No filing requirement*
*Never filed*
*Must go unidentified*

EOP: *WCA*  Date: *07/15/2019*

Exhibit 5-D

ALEARIS_00037

**Huntington Marcie J**

| | |
|---|---|
| **From:** | Adigun Sonya I |
| **Sent:** | Friday, December 20, 2019 12:57 PM |
| **To:** | Huntington Marcie J |
| **Subject:** | RE: Question on Unidentified Remittance |

Hi Marcie,

It appears that the payment would have been submitted for a Form 8940 requesting reclassification of the foundation status. However in this case this organization has never received a formal exemption so they will need to submit a Form 1023/1024 or 1023EZ with the correct user fee. Was there any other correspondence received with the check. There's nothing we can do with the payment since there is no actual application. So you all can just have a refund initiated.

Thanks
Sonya

**From:** Huntington Marcie J <Marcie.J.Huntington@irs.gov>
**Sent:** Thursday, December 19, 2019 6:15 PM
**To:** Adigun Sonya I <Sonya.I.Adigun@irs.gov>
**Subject:** Question on Unidentified Remittance

Hi Sonya,

I was hoping you could help us out. We have the attached check in Unidentified Remittance and it appears to be for a user fee as stated on the check. I didn't find anything for that EIN in LINUS so I thought I would reach out to you and see if you knew if we should transfer the money into the user fee account or not? I appreciate any help you can offer, I also questioned the amount so maybe you can help me understand that as well. Thanks!!! ☺

Marcie Huntington
Lead Tax Examining Technician
OSPC Accounting Payment Correction Team 37302
DCF/URF/HCPT
801-620-7801 Desk
855-295-0851 EFAX

1

Exhibit 6-D

ALEARIS_00038

SEALED DOCUMENT



WAGENMAKER & OBERLY

July 11, 2019

Internal Revenue Service
201 West Rivercenter Blvd.
Attn: Extracting Stop 31
Covington, KY 41011

*Sent via Federal Express, Tracking Number 7756 6519 6927*

**RE:** **Alearis, Inc. FEIN: 83-4681574**
**Request for Determination of Non-Private Foundation Status Pursuant to**
**IRC Sections 509(a)(1), 170(b)(1)(A)(i)**

| Mailing Address: | Registered Address: |
|---|---|
| Alearis, Inc. | Alearis, Inc., c/o A Registered Agent, Inc. |
| 53 W. Jackson Blvd, Suite 1734 | 8 the Green, Suite A |
| Chicago, IL 60604 | Dover, DE 19901 |

Dear IRS Representative:

Alearis, Inc., a Delaware nonstock corporation ("Alearis"), as appointee of certain powers assigned in religious Trust (the "Ecclesiological Trust" or "Trust") to carry out the functions of its parent church established at time immemorial (the "Church") and pursuant to Revenue Procedure 2019-5 Sections 3.01(3)(b) and 4.02(7)(b), hereby respectfully requests, through this Letter Request and its attached exhibits (collectively "Letter Request"), recognition and classification of non-private foundation status under Internal Revenue Code ("Code") Sections 509(a)(1) and 170(b)(1)(A)(i). Alearis is not requesting a determination of its tax-exempt status under Section 501(c)(3) of the Code.

To assist in your recognition of Alearis, Inc.'s 509(a)(1) / 170(b)(1)(A)(i) status, we are providing the following:

INTERNAL REVENUE SERVICE
RECEIVED

1. Form 2848, executed by Alearis, Inc.
2. Alearis, Inc.'s Certificate of Incorporation;
3. Alearis, Inc.'s Bylaws;
4. A statement of facts pertaining to the request;
5. A statement of applicable authorities;
6. Attorney's check #2678 for the $400 user fee, as per Revenue Procedure 2019-5, 4.07, Appendix A, Issue (14).

JUL 15 2019

SERVICE CENTER DIRECTOR
COVINGTON, KY
MAIL UNIT #376

To verify that you have received these documents, please date stamp the enclosed first page of this letter and Form 2848. Please return both to me in the self-addressed,

| | | |
|---|---|---|
| ⊃ 312.626.1600 | 53 W. JACKSON BLVD, SUITE 1734 | 145 RIVER LANDING DR, SUITE 202 |
| = 312.626.1610 | CHICAGO, IL 60604 | CHARLESTON, SC 29492 |

Exhibit 7-D ALEARIS_00039

SEALED DOCUMENT

stamped envelope, enclosed for your convenience.

Nondisclosure Request:  As designated herein below, before any public disclosure of this Letter Request, Alearis, Inc., requests deletion of Sections I and III in their entirety, and Alearis, Inc.'s Bylaws attached hereto as Exhibit B, which jointly and severally constitute "trade secrets and commercial or financial information obtained from a person and privileged or confidential" within the meaning of 5 U.S.C. § 552(b)(4) and 26 U.S.C. § 6110(c)(4).

Based on the materials listed above, Alearis, Inc. should qualify for non-private foundation status under Code Sections 509(a)(1) and 170(b)(1)(A)(i) beginning from its date of formation.

I trust that this Letter Request and the attached documentation are sufficient for the purposes intended, but if you have any questions or need additional information, please feel free to call upon me at the above number. Thank you for your attention to this matter.

Sincerely,

Paul Winters
Attorney at Law

SEALED DOCUMENT

Alearis, Inc.


Letter Request Pursuant to Section 3.01(3)(b) and
4.02(7)(b) of Revenue Procedure 2019-05


Classification or reclassification of private foundation status, including whether an
organization is -
A public charity described in §§ 509(a)(1) and 170(b)(1)(A)(i)


Attestations

I hereby certify that the Corporation is in good standing with the Secretary of State of
Delaware and that the attached copies of the Certificate of Incorporation and Bylaws are
true, accurate, and complete as of the date set forth below.

Under penalties of perjury, I declare that I have examined this request, or this modification
to the request, including accompanying documents, and, to the best of my knowledge and
belief, the request or the modification contains all the relevant facts relating to the request,
and such facts are true, correct, and complete.

_____
Amory Feriae, Secretary of Alearis, Inc.
July 3, 2019


**IMPORTANT DISCLAIMER:**

In furtherance of this Letter Request, Alearis, Inc. is disclosing substantial amounts of
information to the Internal Revenue Service, including information that constitutes "trade
secrets and commercial or financial information obtained from a person and privileged or
confidential" within the meaning of 5 U.S.C. § 552(b)(4) and 26 U.S.C. § 6110(c)(4).
Specifically, details of sacred design methods, unpublicized revelations of the ancient
Ecclesiological Trust, appointments of divine powers, assignments of authorities, and
aspects of secret religious processes which, in aggregate, and in some cases independently,
constitute trade secrets and confidential information of enormous and irreplaceable value
to the church.

SEALED DOCUMENT

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

## I.    STATEMENT OF FACTS

REQUEST FOR NONDISCLOSURE:

THIS SECTION I CONTAINS "TRADE SECRETS AND COMMERCIAL OR FINANCIAL INFORMATION
OBTAINED FROM A PERSON AND PRIVILEGED OR CONFIDENTIAL" WITHIN THE MEANING OF 5
U.S.C. § 552(B)(4) AND 26 U.S.C. § 6110(C)(4).  ALEARIS, INC. REQUESTS THIS SECTION I BE
DELETED IN ITS ENTIRETY BEFORE MAKING THIS LETTER REQUEST AVAILABLE FOR PUBLIC
INSPECTION PURSUANT TO 5 U.S.C. § 552 AND 26 U.S.C. § 6110.

### A.  Introduction and Church History

Alearis, Inc. ("Alearis") is a Delaware non-stock corporation established to carry
out the functions of a church dating to time immemorial (the "Church"). Long ago, the
Old Ones established the Church by placing certain property, collectively known as the
Game, into trust (the "Ecclesiological Trust" or "Trust")

Case 2:20-cv-00808-LKG Document 50-1 Filed 01/12/21 Page 43 of 68
Case 1:20-cv-00808-LKG Document 71-1 SEALED Filed 01/04/20 Page 5 of 68
**SEALED DOCUMENT**

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

### B. Alearis, Inc.

In furtherance of the Church's religious purposes, Alearis, Inc. was incorporated in Delaware as an exempt, nonstock religious corporation. See Certificate of Incorporation, attached hereto as Exhibit A. ▓▓▓▓▓▓▓ The sole purpose of Alearis is to carry out functions of the Church through acting as a civil interface to the temporal world.

## II.    STATEMENT OF AUTHORITIES

### A. Procedural Basis for Determination

The following authorities provide the procedural basis for determining if an organization is described by 509(a)(1) / 170(b)(1)(A)(i)

#### 26 U.S. Code § 509. Private foundation defined

**General rule.** For purposes of this title, the term "private foundation" means a domestic or foreign organization described in Section 501(c)(3) other than—

> *an organization described in Section 170(b)(1)(A) (other than in clauses (vii) and (viii));*

*******************************

#### 26 U.S. Code § 170. Charitable, etc., contributions and gifts

**(b)** Percentage limitations

> **(1)** Individuals: In the case of an individual, the deduction provided in subsection (a) shall be limited as provided in the succeeding subparagraphs.
>
> > **(A)** General rule: Any charitable contribution to—
> >
> > > **(i)** *a church or a convention or association of churches,*

SEALED DOCUMENT

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

26 C.F.R. § 1.509(a)-6 provides that if an organization is described in Section 509(a)(1) and also in another paragraph of Section of 509(a), it will be treated as described in Section 509(a)(1).

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

For the purposes of Section 7611 of the Code, the term church includes any organization claiming to be a church.  26 USC 7611(h)(1).

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## B.  Statement of Supporting Authorities

Federal law unambiguously supports recognition of Alearis, Inc. as a non-private foundation described in 509(a)(1) / 170(b)(1)(A)(i). Pertinent supporting authorities are as follows

### *26 CFR § 1.511-2 - Organizations subject to tax.*

Organizations other than trusts and title holding companies.

The term **church** includes a religious order or a religious organization if such order or organization (a) is an integral part of a church, and (b) is engaged in carrying out the functions of a church, whether as a civil law corporation or otherwise. In determining whether a religious order or organization is an integral part of a church, consideration will be given to the degree to which it is connected with, and controlled by, such church. A religious order or organization shall be considered to be engaged in carrying out the functions of a church if its duties include the ministration of sacerdotal functions and the conduct of religious worship. If a religious order or organization is not an integral part of a church, or if such an order or organization is not authorized to carry out the functions of a church (ministration of sacerdotal functions and conduct of religious worship) then it is subject to the tax imposed by Section 511 whether or not it engages in religious, educational, or charitable activities approved by a church. What constitutes the conduct of religious worship or the ministration of sacerdotal functions depends on the tenets and practices of a particular religious body constituting a church. If a religious order or organization can fully meet the requirements stated in this subdivision, exemption from the tax imposed by Section 511 will apply to all its activities, including those which it conducts through a separate corporation (other than a corporation described in Section 501(c)(2)) or other separate entity which it wholly owns and which is not operated

SEALED DOCUMENT

for the primary purpose of carrying on a trade or business for profit. Such exemption from tax will also apply to activities conducted through a separate corporation (other than a corporation described in Section 501(c)(2)) or other separate entity which is wholly owned by more than one religious order or organization, if all such orders or organizations fully meet the requirements stated in this subdivision and if such corporation or other entity is not operated for the primary purpose of carrying on a trade or business for profit.  26 CFR 1.511-2(a)(3)(ii).

****************************

### 26 U.S. Code § 508. Special rules with respect to Section 501(c)(3) organizations

(a) **New organizations must notify Secretary that they are applying for recognition of Section 501(c)(3) status**

  ***

(b) **Presumption that organizations are private foundations**

> *Except as provided in subsection (c), any organization (including an organization in existence on October 9, 1969) which is described in Section 501(c)(3) and which does not notify the Secretary, at such time and in such manner as the Secretary may by regulations prescribe, that it is not a private foundation shall be presumed to be a private foundation.*

(c) **Exceptions**

 (1) *Mandatory Exceptions* Subsections (a) and (b) shall not apply to –

  (A) churches, their integrated auxiliaries, and conventions or associations of churches

****************************

### C. Constitutional Considerations

### 1. A Church's Appointment of Its Own Religious Representatives Enjoys Absolute Constitutional Protection.

By a 9-0 margin, the Supreme Court affirmed churches' absolute right to appoint their own religious representatives. In reversing the Sixth Circuit, the Court held that the government's enforcement of an ADA claim against a church that fired a minister

SEALED DOCUMENT

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

infringed on both religious clauses of the First Amendment: "By imposing an unwanted minister, the state infringes the Free Exercise Clause, which protects a religious group's right to shape its own faith and mission through its appointments. According the state the power to determine which individuals will minister to the faithful also violates the Establishment Clause, which prohibits government involvement in such ecclesiastical decisions." Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C., 565 U.S. 171, 188–89, 132 S. Ct. 694, 706, 181 L. Ed. 2d 650, 663 (2012)

### 2. The Government May Not Countermand an Organization's Sincere Characterization of Religious Activity.

The United States Constitution requires that the federal government give deference to and not countermand a religious organization's characterization of its own religious activities. In New York v. Cathedral Academy, 434 U.S. 125 (1977), the Court struck down a statute that reimbursed private religious schools for certain activities if such activities were devoid of religious content. In holding the statute unconstitutional, the Court noted that the "sort of detailed inquiry" required by the statute "would itself constitute a significant encroachment on the protections of the First and Fourteenth Amendments." Id. at 132. The Court concluded that "[t]he prospect of church and state litigating in court about what does or does not have religious meaning touches the very core of the constitutional guarantee against religious establishment." Id. at 133. See also Lemon v. Kurtzman, 403 U.S. 602, 620, 91 S. Ct. 2105, 2115, 29 L. Ed. 2d 745, 760 (1971) (holding that state evaluation of religious content of a religious organization is fraught with the sort of entanglement that the Constitution forbids), World Vision, Inc., 633 F.3d at 729 (quoting Colo. Christian Univ. v. Weaver, 534 F.3d 1245, 1259 (10th Cir. 2008)) (noting that such governmental interpretation "raise[s] the specter of constitutionally impermissible discrimination between institutions on the basis of the 'pervasiveness or intensity' of their religious beliefs."), Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 537 (1993) (holding that "individualized governmental assessment[s]" of religious practices are unconstitutional).

### 3. Civil Authorities Must Not Impair Ecclesiastical Entities' Right to Self-Governance and Self-Determination.

The government may not inquire into or oppose a church in its ecclesiastical structures, operations, appointments, and other juridical activities. In Serbian E. Orthodox Diocese for U. S. of Am. & Canada v. Milivojevich, 426 U.S. 696 (1976), the Supreme Court of the United States reversed the Illinois Supreme Court, which held that a Serbian Orthodox Church's removal of one of the church's bishops had to be set aside as "arbitrary." According to the Court the state high court erred by conducting a "detailed review" of the hierarchical church's procedures for removal. Id. at 718. Such inquiry was impermissible under the First and Fourteenth Amendment. Id. According to the Court, the Illinois Supreme Court unconstitutionally undertook "the resolution of quintessentially

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

religious controversies whose resolution the First Amendment commits exclusively to the highest ecclesiastical tribunals of this hierarchical church." Id. At 720. The Court further emphasized the church's constitutional right to ecclesiastical self-determination, citing Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church, 393 U.S. 440, 446 (1969): "In this country the full and free right to entertain any religious belief, to practice any religious principle, and to teach any religious doctrine which does not violate the laws of morality and property, and which does not infringe personal rights, is conceded to all. The law knows no heresy, and is committed to the support of no dogma, the establishment of no sect. * * * All who unite themselves to such a body (the general church) do so with an implied consent to (its) government, and are bound to submit to it. But it would be a vain consent and would lead to the total subversion of such religious bodies, if any one aggrieved by one of their decisions could appeal to the secular courts and have them (sic) reversed."

**4.  Any Federal Burden on Religious Exercise Must Further a Compelling Government Interest Using the Least Restrictive Means.**

The Religious Freedom Restoration Act of 1993 (RFRA) prohibits the "Government [from] substantially burden[ing] a person's exercise of religion even if the burden results from a rule of general applicability" unless the Government "demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 682, 134 S. Ct. 2751, 2754, 189 L. Ed. 2d 675, 681 (2014). Where the state denies "a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify [its] behavior and to violate [its] beliefs, a burden upon religion exists." Thomas v. Review Bd. of Indiana Employment Sec. Div., 450 U.S. 707, 717, 101 S. Ct. 1425, 1431, 67 L. Ed. 2D 624 (1981)

**5.  Absent Clear Legislative Intent to the Contrary, the Language of a Statute is Conclusive.**

In reading the meaning of a statute, the starting point is the language of the statute itself unless the legislative history suggests alternative interpretation by Congress. Consumer Product Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). When the legislative intent is ambiguous, the statute should be construed in the light of Congress' purpose in enacting it as expressed in the legislative history. Train v. Colorado Public Interest Research Group, Inc., 426 U.S. 1, 9-10, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434 (1976).

\*\*PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE\*\*
\*\*CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS\*\*

### III.   ANALYSIS

REQUEST FOR NONDISCLOSURE:

THIS SECTION III CONTAINS "TRADE SECRETS AND COMMERCIAL OR FINANCIAL INFORMATION OBTAINED FROM A PERSON AND PRIVILEGED OR CONFIDENTIAL" WITHIN THE MEANING OF 5 U.S.C. § 552(B)(4) AND 26 U.S.C. § 6110(C)(4). ALEARIS, INC. REQUESTS THIS SECTION III BE DELETED IN ITS ENTIRETY BEFORE MAKING THIS LETTER REQUEST AVAILABLE FOR PUBLIC INSPECTION PURSUANT TO 5 U.S.C. § 552 AND 26 U.S.C. § 6110.

#### A.   Alearis, Inc. is a Church Described in 509(a)(1) / 170(b)(1)(A)(i) Because it is a Church Described by 26 CFR 1.511-2

Like many groups engaged in the conduct of worship, such as the Muslim community of faith and the Roman Catholic Church, Alearis, Inc. acts exclusively at the behest of its religious progenitor. In the case of Alearis, Inc., the religious progenitor is the Church, and Alearis, Inc. represents the Church's will in the temporal world through its worship and work. In so doing, Alearis, Inc. meets the two-part test for a "church" set forth in the Code of Federal Regulations, 26 CFR section 1.511-2. Specifically, the CFR provides that the *"term church includes a religious order or a religious organization if such order or organization (a) is an integral part of a church, and (b) is engaged in carrying out the functions of a church, whether as a civil law corporation or otherwise."* 26 C.F.R. 1.511-2(a)(3)(ii).

The organization and operations of Alearis, Inc. are both an integral part of a church and engaged in carrying out the functions of a church within the meaning of the two-part test the Service has set forth in its regulations, as follows

#### 1.   Pursuant to Part (a) of the Two Part Test, Alearis, Inc. is an Integral Part of a Church

**Alearis, Inc. is an appointee of power under the Ecclesiological Trust responsible for carrying out the functions of the Church in the temporal world**



#### a.   Alearis, Inc. Meets the "Integral Part" Guidance Provided in 26 CFR Section 1.511-2

The regulations at 1.511-2 provide guidance for determining whether a religious

SEALED DOCUMENT

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

organization is an "integral part" of a church, stating –

> *"In determining whether a religious order or organization is an integral part of a church, consideration will be given to the degree to which it is connected with, and controlled by, such church."*

Alearis' Certificate of Incorporation provides that it is "organized exclusively for religious purposes to perform or carry out the functions of the Church founded at time immemorial when the Old Ones placed the Game into ecclesiastical trust for such purpose." See Certificate of Incorporation at Exhibit A. Notably, the Church is the sole member of Alearis, Inc. For this reason, the Church exercises complete control over the corporation. The laws of Delaware reserve strong corporate powers for the Church as sole member. The Church's rights are further protected in the Bylaws, which may not be amended without the express consent of the Church as sole member. See Bylaws at Exhibit B. Thus, Alearis is intrinsically, inherently connected to the Church, as provided in its founding and governing documents.

### b. Further – Alearis, Inc. is an "Integral Part" of the Church Within the Meaning of 26 CFR Section 1.509(a)-4(i)(4)

26 CFR Section 1.509(a)-4(i)(4) provides further guidance in describing how an organization may be regarded an "integral part" of another organization, including churches, as described in Section 509(a)(1). The CFR provides, in pertinent part as follows

**\*\*\***

#### 4 *Integral part test - functionally integrated Type III supporting organization*

> i **General rule.** *A supporting organization meets the integral part test and will be considered functionally integrated within the meaning of Section 4943(f)(5)(B), if it –*

*Engages in activities substantially all of which directly further the exempt purposes of one or more supported organizations and otherwise meets the requirements described in paragraph (i)(4)(ii) of this Section;*

**Substantially all activities directly further exempt purposes -**

**In general.** *A supporting organization meets the requirements of this paragraph (i)(4)(ii) if it engages in activities substantially all of which*

*Directly further the exempt purposes of one or more supported organizations to*

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

*which the supporting organization is responsive by performing the functions of, or carrying out the purposes of, such supported organization(s); and*

*But for the involvement of the supporting organization, would normally be engaged in by such supported organization(s).*

\*\*\*

Like most other faith traditions whose religious, doctrinal, and philosophical beliefs and activities stem from civilly inscrutable sources, ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, Alearis' purpose is exclusively to carry out the functions of the Church as a civil instrumentality.

Alearis, Inc.'s function is thus consistent with the Service's description of an organization that is an "integral part" of another organization as set forth in 26 CFR Section 1.509(a)-4(i)(4): all of the activities of Alearis, Inc. are intended to further the religious purpose of the Church. ▮▮▮▮▮▮▮▮

### 2. Pursuant to Part (b) of the Two Part Test, Alearis, Inc. is Engaged in Carrying Out the Functions of a Church

#### a. Alearis, Inc. is engaged in carrying out the functions of a church.

As discussed above, Alearis, Inc. is incorporated for the sole purpose of carrying out the functions of the Church and is a wholly owned subsidiary of the Church. Alearis, Inc.'s Certificate of Incorporation provides that it is "organized exclusively for religious purposes to perform or carry out the functions of the Church founded at time immemorial when the Old Ones placed the Game into ecclesiastical trust for such purpose." See Certificate of Incorporation at Exhibit C. All of Alearis, Inc.'s activities are devoted to carrying out the religious purposes of the Church in its worship, doctrine, and engagement with the temporal world. Alearis, Inc. is the civil mechanism by which the Church exerts its will. Accordingly, Alearis, Inc. is engaged in carrying out the functions of a church – the Church.

#### b. Alearis, Inc. meets the guidance set forth in 26 CFR Section 1.511-2

26 CFR Section 1.511-2 provides that –

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

*"A religious order or organization shall be considered to be engaged in carrying out the functions of a church if its duties include the ministration of sacerdotal functions and the conduct of religious worship."*

This Section additionally provides that –

*"What constitutes the conduct of religious worship or the ministration of sacerdotal functions depends on the tenets and practices of a particular religious body constituting a church."*

The regulations reflect proper deference to the church entities' own definitions of what constitutes "ministration of sacerdotal functions and the conduct of religious worship." Alearis carries out the religious functions of the Church according to the specific doctrine, tenants, and processes and sincerely held religious beliefs of the Church.



**B. Alearis, Inc. is Described in 509(a)(1) / 170(b)(1)(A)(i) Through its Relationship with the Ecclesiological Trust, a 508(c)(1)(A) Church.**

IRC Section 508(c)(1)(A) provides a mandatory exception for churches and conventions or associations of churches. This Section of the Code provides useful guidance supporting recognition of Alearis, Inc. as a non-private foundation described in 509(a)(1) / 170(b)(1)(A)(i).

The Ecclesiological Trust formed the Church at time immemorial.

**SEALED DOCUMENT**
**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**



A mandatory exception applies to any requirement for notification or application for recognition under 501(c)(3). Moreover, a mandatory exception applies to any presumption that such a church is a private foundation.

Because of its organizational structure, and pursuant to 26 CFR Section 301.7701-1(a)(4) and 26 CFR Section 301.7701-3(b)(1)(ii), Alearis is a disregarded entity with the same foundation status as the Ecclesiological Trust. Like its ecclesiastical parent, Alearis, Inc. is classified as a non-private foundation described in Section 509(a)(1) / 170(b)(1)(A)(i) through Section 508(c)(1)(A) as follows:

Alearis, Inc.'s certificate of incorporation provides that its sole member is the Church. See Certificate of Incorporation at Exhibit A.

**26 CFR § 301.7701-3(b)(1)(ii)** provides that unless the entity elects otherwise, a domestic eligible entity is "Disregarded as an entity separate from its owner if it has a single owner."

**26 CFR § 301.7701-1(a)(4)** provides that "Under §§ 301.7701-2 and 301.7701-3, certain organizations that have a single owner can choose to be recognized or disregarded as entities separate from their owners."

SEALED DOCUMENT

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

Because Alearis, Inc.'s sole owner is the Church, a non-private foundation described in Section 509(a)(1) / 170(b)(1)(A)(i), then pursuant to Section 26 CFR § 301.7701-3(b)(1)(ii) above, Alearis, Inc., must be recognized by default as a disregarded entity by the Service unless there is an affirmative election to be considered otherwise.

Further, Section 26 CFR § 301.7701-1(a)(4) provides that Alearis, Inc. may choose, at its election, to be recognized as a disregarded entity. In the event that the Service disagrees that Alearis, Inc. is a disregarded entity of the Section 508(c)(1)(A) Ecclesiological Trust in the default, Alearis, Inc. does hereby elect to be recognized as a disregarded entity of the Section 508(c)(1)(A) Ecclesiological Trust.

## IV.     PROCEDURAL MATTERS AND CONCLUDING REMARKS

In compliance with Revenue Procedure 2019-5, I hereby make the following statements individually and on behalf of my client.

To the best of our knowledge, the issue in this determination Letter Request has not been presented in an earlier return of the Church or in the return for any year of a related organization.

To the best of our knowledge, the Service has not previously ruled on this issue or a similar issue for the Church, a related organization, or a predecessor organization.

To the best of our knowledge, none of the Church, a related organization, nor a predecessor previously submitted a request involving the same or similar issue but withdrew it before the determination letter was issued.

To the best of our knowledge, none of the Church, a related Organization, nor a predecessor previously submitted a request involving the same or similar issue that is currently pending with the Service.

To the best of our knowledge, the issue is adequately addressed by relevant authorities.

To the best of our knowledge, there are no contrary authorities that may affect the issue discussed in this request.

To the best of our knowledge, there is no pending legislation that may affect the issues and transactions discussed in this request.

The documents listed on page 1 of this determination Letter Request are attached hereto. In addition, attached are the requisite "Declaration" and "Deletions Statement."

SEALED DOCUMENT

**PRIVATE COMMUNICATION // NOT FOR PUBLIC RELEASE**
**CONTAINS CONFIDENTIAL INFORMATION AND TRADE SECRETS**

## V.  ADVERSE IMPACT FROM REQUEST DENIAL

There are a number of religious federal exemptions that apply only to churches and church organizations. For instance, there are exemptions from certain employee benefit plan requirements for which churches and church organizations qualify. See Code Section 414. Also, the Code, Section 107, provides for tax exemptions related to housing-related compensation for qualifying church employees who are members of the clergy. Further, churches and church organization employers are exempt from certain unemployment insurance requirements. See Code Section 3306. Finally, various state laws provide exemptions for organizations described as churches under the Code. These exemptions all protect Alearis, Inc.'s religious liberty rights. Alearis, Inc. would be denied these important exemptions if this Letter Request is not granted.

## VI.  CONFERENCE REQUESTED

Please contact Paul Z. Winters (see enclosed Form 2848) if you require additional information to assist your consideration of this request for private foundation classification. Please send any facsimile transmissions to the facsimile number 312-626-1610, Attn: Paul Winters. If for any reason you intend to make an adverse determination as to this Letter Request, a conference with the appropriate Service employees is requested prior to your final determination.

On behalf of Alearis, Inc., I greatly appreciate your consideration and further processing of this request. Please feel free to contact me at the above number if you have any questions or need additional information. Thank you for your attention to this matter.

Sincerely,

Paul Z. Winters,
Attorney at Law

Enclosures:   Form 2848, executed by Alearis, Inc.
              Certificate of Incorporation of Alearis, Inc.
              Bylaws of Alearis, Inc.
              Attorney Check for User Fee

cc:           Alearis, Inc.

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT A
**SEALED DOCUMENT**

# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "ALEARIS, INC.", FILED IN THIS OFFICE ON THE NINTH DAY OF MAY, A.D. 2019, AT 10:56 O`CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE KENT COUNTY RECORDER OF DEEDS.



Jeffrey W. Bullock, Secretary of State

7411249  8100
SR# 20193701731

Authentication: 202808605
Date: 05-13-19

You may verify this certificate online at corp.delaware.gov/authver.shtml

ALEARIS_00055

Case Case 1:20-cv-03590-ckB Submitteal v. FEC Document 81-21 Filed 12/07/20 Page 56 of 68 of 34
Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT A

**SEALED DOCUMENT**

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:56 AM 05/09/2019
FILED 10:56 AM 05/09/2019
SR 20193701731 - File Number 7411249

## Certificate of Incorporation

## Alearis, Inc.

### A Delaware Non-Stock Corporation

The undersigned Incorporator hereby certifies:

1. The name of the Corporation is Alearis, Inc.

2. The Registered Office of the Corporation in the State of Delaware is located at 8 the Green, Ste A, in the City of Dover, County of Kent, Zip Code 19901. The name of the Registered Agent at such address upon whom process against this corporation may be served is A Registered Agent, Inc.

3. The Corporation shall be organized exclusively for religious purposes to perform or carry out the functions of the Church. The "Church" is the church founded at time immemorial when the Old Ones placed the Game into ecclesiastical trust for such purpose.

4. The Corporation shall not have any capital stock.

5. Conditions of Membership:

   a. The sole member of the Corporation is the Church.

   b. 51ec69ad7b35204e0b5cafb0988866fe4a1903f9

   c. The criteria for identifying members of the Corporation shall be stated in the bylaws.

6. The name and mailing address of the incorporator are as follows:

   Name: Paul Z. Winters

   Mailing Address: 53 W Jackson Blvd, Suite 1734

   Chicago, IL 60604

By: _____
                              Incorporator

By:     Paul Z. Winters

ALEARIS_00056

Case 1:20-cv-08030-LJL Document 1-8 Filed 09/27/20 Page 57 of 34
SEALED DOCUMENT

# BYLAWS

## *of*

# ALEARIS, INC.

A DELAWARE NON-STOCK CORPORATION

**As Duly Adopted by the Member
this 21st day of June, 2019**

**PREPARED BY
WAGENMAKER & OBERLY, LLC**

ALEARIS_00057

Alearis, Inc. EEIN L-83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B
SEALED DOCUMENT

# TABLE OF CONTENTS

Article I. Definitions.................................................................................................................3

Article II. Corporate Purposes................................................................................................3

Article III. Membership...........................................................................................................3

    Section A. Sole Member......................................................................................................3

    Section D. General Powers..................................................................................................4

    Section E. Member Meetings...............................................................................................4

    Section F. Transferability.....................................................................................................4

Article IV. Board of Directors.................................................................................................5

    Section A. General Powers..................................................................................................5

    Section B. Number and Tenure............................................................................................5

    Section C. Qualifications.....................................................................................................5

    Section D. Appointment......................................................................................................5

    Section E. Resignation and Removal...................................................................................5

    Section F. Vacancies...........................................................................................................5

    Section G. Compensation....................................................................................................5

    Section H. Confidentiality...................................................................................................6

Article V. Meetings of the Board of Directors........................................................................6

Article VI. Officers and Agents...............................................................................................6

Article VII. Indemnification of Directors and Officers..........................................................6

    Section A. Indemnification..................................................................................................6

    Section B. Advancement of Expenses..................................................................................7

    Section C. Other Indemnification........................................................................................7

    Section D. Insurance............................................................................................................7

    Section E. Repeal, Amendment, or Modification................................................................7

Article VIII. Miscellaneous......................................................................................................8

    Section A. Amendments......................................................................................................8

    Section B. Corporate Acquisition, Consolidation, Merger, or Dissolution.........................8

    Section C. Inconsistencies with Certificate of Incorporation..............................................8

    Section D. Severability........................................................................................................8

Case 1:20-cv-00808-LKG   Document ... Filed 01/12/21   Page 59 of 68
Alearis, Inc. EIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

SEALED DOCUMENT

# BYLAWS
## OF
## ALEARIS, INC.

## ARTICLE I. DEFINITIONS

The following terms used in these bylaws shall have the meanings set forth below.

1. The "Church" is the church founded at time immemorial when the Old Ones placed the Game into ecclesiological trust for such purpose.

2. "Corporation" means Alearis, Inc., a Delaware nonstock corporation.

3. "Act" means the General Corporation Law of Delaware, as amended.

## ARTICLE II. CORPORATE PURPOSES

As set forth in the Certificate of Incorporation, the Corporation is organized and operated exclusively for religious purposes to perform or carry out the functions of the Church.

## ARTICLE III. MEMBERSHIP

### Section A. Sole Member

The Church shall be the sole member ("Member") of the Corporation.

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

SEALED DOCUMENT

## Section D. General Powers

The Member shall be entitled to one vote on each matter reserved to the Membership in these bylaws. More specifically, the express written approval of the Member shall be required for the following actions of the Corporation:

*1.* Any merger, dissolution, or liquidation of the Corporation;

*2.* Any amendments to the Certificate of Incorporation or these bylaws;

*3.* The creation of subsidiary corporations;

*4.* The establishment of joint ventures, partnerships, or affiliations;

*5.* The unbudgeted sale, pledge, lease, or other transfer of any corporate assets exceeding ten-thousand dollars ($10,000 USD), with the exception of any interest of the sale, lease, transfer, or other conveyance of any portion of the real property which shall always be subject to the approval of the Member.

*6.* The approval of the Corporation's annual operating budget;

*7.* Appointment and number of Directors to the Corporation's Board of Directors;

*8.* Removal of Directors from the Corporation's Board of Directors.

In addition, the Corporation's Board of Directors shall promptly provide copies of all minutes of Board meetings and resolutions to the Member, and copies of financial and operational reports as requested from time to time by the Member.

## Section E. Member Meetings

Being a Corporation with one Member, the Corporation shall not be required to hold membership meetings. The Member shall exercise its voting rights in the form of a corporate resolution adopted and certified by the Member. The resolution shall have the same effect as an informal action of the Membership in accordance with Del. Code Ann. tit. 8, § 228 (West). The Member's resolution shall be delivered to the Board of Directors of the Corporation and shall be effective upon receipt unless another effective date is specified therein.

## Section F. Transferability

The Member may, at any time, in its sole discretion, appoint and transfer its membership rights in the Corporation.

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B
SEALED DOCUMENT

# ARTICLE IV. BOARD OF DIRECTORS

## Section A. General Powers

The affairs, business, and all legal matters of the Corporation shall be managed by its Board of Directors.

## Section B. Number and Tenure

The Board of Directors shall be composed of one Director, who shall be appointed by the Member.  The Corporation may, from time to time, by amendment of these bylaws, change the minimum and maximum number of Directors.

The Director shall hold office without term and shall hold office until his or her successor has been qualified and appointed.

## Section C. Qualifications

Those who seek to be the Director of the Corporation personally affirm the Corporation's statement of purpose, must abide in all respects with the corporate policies set forth in these bylaws, and must characterize personal commitment to the values of the Corporation.

## Section D. Appointment

The Director shall be appointed without term by the Member in the Member's sole discretion. The Director shall hold office until the first of the following to occur: until his or her successor shall have been duly appointed and shall have qualified; until his or her death or disability; until he or she shall resign in writing; or until he or she shall have been removed in the manner hereinafter provided.

## Section E. Resignation and Removal

The Director may resign at any time by giving written notice to the Member. Such resignation, which may or may not be made contingent on formal acceptance, shall take effect on the date of receipt or at any later time specified therein. The Director may be removed with or without cause at any time by resolution adopted by the Member.

## Section F. Vacancies

Upon a vacancy occurring in the Board of Directors, such vacancy shall be filled through appointment of a new Director by the Member as soon as is practicable.

## Section G. Compensation

The Director shall not receive compensation for his or her services as the Director. However, by resolution of the Member, expenses of attendance, if any, may be reimbursed to the Director in his or her performance of the duties of the office of Director, provided that nothing herein

Case Case 20-1v-20080-803-JLB-LKOuDbeumem1SPALtFiled Fi4d/207/09 P20ge P3ge 255 of 34

SEALED DOCUMENT

contained shall be construed to preclude the Director from serving the Corporation in any other capacity and receiving reasonable compensation therefor.

## Section H. Confidentiality

The Directors, any officers, and key employees of the Corporation are expected to (1) maintain appropriate confidentiality of information related to the Corporation, including donor and supporter lists and related records, fundraising strategies, financial information about the Corporation, organizational plans, marketing information, expense information, personnel matters, and all credentials used to access physical or digital media containing information related to the Corporation and any software or services owned, leased, subscribed to, or used by the Corporation for the Corporation's purposes, including, but not limited to, computer login identification, passwords, and hashes, email login identification and passwords, serial numbers or software keys for local copies of software, and cloud-based services login identification and passwords, and (2) to prevent unauthorized disclosure to any outside party, except to the extent such information is otherwise disclosed in accordance with the ordinary course of business to the public or third parties or otherwise is required to be disclosed under applicable law. Such confidentiality is expected to be maintained at all times subsequent to service to the Corporation.

## ARTICLE V. MEETINGS OF THE BOARD OF DIRECTORS

Being comprised of one Director, the Board of Directors shall not be required to conduct annual or special meetings. The Board of Directors shall exercise its voting rights in the form of a corporate resolution adopted and certified by the Director. The resolution shall have the same effect as an action approved by a majority of the Board of Directors, at a duly called and convened meeting of the Board of Directors with quorum present, and sufficient notice given, in accordance with Del. Code Ann. tit. 8, § 141(b). The Director's resolution shall be deemed immediately effective unless another effective date is specified therein.

## ARTICLE VI. OFFICERS AND AGENTS

The Board of Directors may appoint officers who shall serve without term, which may consist of a President, a Vice President, a Secretary, a Treasurer, or such other officers and assistant officers and agents as may be deemed necessary, elected, or appointed by the Board. Any two (2) or more offices may be held by the same person. Any officer or agent may be removed by the Board of Directors whenever, in its judgment, the best interest of the Corporation shall be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed.

## ARTICLE VII. INDEMNIFICATION OF DIRECTORS AND OFFICERS

## Section A. Indemnification.

The Corporation shall indemnify and hold harmless to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended, any person who was or is made or is

Case 1:20-cv-08803-LJCS Document 3-1 Filed 04/27/09 Page 63 of 34
SEALED DOCUMENT

threatened to be made a party or is otherwise involved in any action, suit, or proceeding, whether civil, criminal, administrative, or investigative (a "Proceeding"), by reason of the fact that he or she, or a person for whom he or she is the legal representative, is or was the Member, a Director, or officer, or employee, or agent of the Corporation or, while the Member, a Director, or officer, or employee, or agent of the Corporation, is or was serving at the request of the Corporation as a Director, officer, employee, or agent of another corporation, partnership, joint venture, trust, enterprise, or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) actually and reasonably incurred by such person. Notwithstanding the preceding sentence, the Corporation shall be required to indemnify a person in connection with a Proceeding (or part thereof) commenced by such person only if the commencement of such Proceeding (or part thereof) by the person was authorized in the specific case by the Board of Directors.

## Section B. Advancement of Expenses.

The Corporation shall pay the expenses (including attorneys' fees) actually and reasonably incurred by the Member, a Director, or officer, or employee, or agent of the Corporation in defending any Proceeding in advance of its final disposition, upon receipt of an undertaking by or on behalf of such person to repay all amounts advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal that such person is not entitled to be indemnified for such expenses under this Section B, or otherwise. Payment of such expenses actually and reasonably incurred by such person, may be made by the Corporation, subject to such terms and conditions as the general counsel of the Corporation in his or her discretion deems appropriate.

## Section C. Other Indemnification.

The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as the Member, a Director, officer, employee, or agent of another corporation, partnership, joint venture, trust, enterprise, or nonprofit entity shall be reduced by any amount such person may collect as indemnification from such other corporation, partnership, joint venture, trust, enterprise, or nonprofit entity.

## Section D. Insurance.

The Corporation may purchase and maintain insurance on behalf of any person who is or was the Member, or a Director, officer, employee, or agent of the Corporation, or is or was serving at the request of Corporation as a Director, officer, employee, or agent of another corporation, partnership, joint venture, trust, enterprise, or nonprofit entity against any liability asserted against him or her and incurred by him or her in any such capacity, or arising out of his or her status as such, whether or not the Corporation would have the power to indemnify him or her against such liability under the provisions of the Act.

## Section E. Repeal, Amendment, or Modification.

Any amendment, repeal, or modification of this Article VII shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.

Alearis, Inc. FEIN: 83-4681574
Request for Determination of Non-Private Foundation Status
EXHIBIT B

SEALED DOCUMENT

# ARTICLE VIII. MISCELLANEOUS

### Section A. Amendments

In the event the Certificate of Incorporation or Bylaws are to be altered, amended, or repealed, the Board of Directors shall adopt a resolution setting forth the proposed amendment(s) and submit copies of the proposed amendment(s) to the Member for approval.  No amendments to the Certificate of Incorporation or Bylaws shall be adopted unless approved by the Member.

### Section B. Corporate Acquisition, Consolidation, Merger, or Dissolution

In the event of a proposed acquisition, consolidation, merger or dissolution, the Board of Directors shall adopt a plan setting forth the terms and conditions of the proposed transaction and such other provisions with respect to the proposed transaction as are deemed necessary under applicable state law or desirable. No acquisition, merger, or other dissolution shall be adopted unless approved the Member.

### Section C. Inconsistencies with Certificate of Incorporation

If any provision of these bylaws is inconsistent with a provision of the Corporation's Certificate of Incorporation, as amended from time to time, the Certificate of Incorporation shall govern.

### Section D. Severability

The invalidity or unenforceability of any provision in these bylaws shall not affect the validity or enforceability of the remaining provisions.

SEALED DOCUMENT



**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

ALEARIS_00065

SEALED DOCUMENT

Form **2848**
(Rev. January 2018)
Department of the Treasury
Internal Revenue Service

## Power of Attorney
## and Declaration of Representative

▶ Go to *www.irs.gov/Form2848* for instructions and the latest information.

OMB No. 1545-0150

**For IRS Use Only**

Received by:

Name _____

Telephone _____

Function _____

Date _____ / _____ / _____

**Part I**    **Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1**   **Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) | |
|---|---|---|
| | Daytime telephone number | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2**   **Representative(s)** must sign and date this form on page 2, Part II.

Name and address

CAF No. _____

PTIN _____

Telephone No. _____

Fax No. _____

**Check if to be sent copies of notices and communications** ☐    Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

CAF No. _____

PTIN _____

Telephone No. _____

Fax No. _____

**Check if to be sent copies of notices and communications** ☐    Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

CAF No. _____

PTIN _____

Telephone No. _____

Fax No. _____

**(Note:** IRS sends notices and communications to only two representatives.)   Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

CAF No. _____

PTIN _____

Telephone No. _____

Fax No. _____

**(Note:** IRS sends notices and communications to only two representatives.)   Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3**   **Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| | | |
| | | |

**4**   **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific Use Not Recorded on CAF**    ▶ ☐

**5a**   **Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider;

☐ Authorize disclosure to third parties;    ☐ Substitute or add representative(s);   ☐ Sign a return; _____

_____

_____

☐ Other acts authorized: _____

_____

**For Privacy Act and Paperwork Reduction Act Notice, see the instructions.**     Cat. No. 11980J     Form **2848** (Rev.1-2018)

ALEARIS_00066

**SEALED DOCUMENT**

Form 2848 (Rev. 1-2018) Page **2**

**b** **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): ------------------------------

--------------------------------------------------------------------------------------------------------------------------------------------

**6** **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7** **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| | | |
|---|---|---|
| *[signature]* | July 9, 2019 | |
| Signature | Date | Title (if applicable) |

| | |
|---|---|
| Print Name | Print name of taxpayer from line 1 if other than individual |

| Part II | Declaration of Representative |
|---|---|

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

**b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

**c** Enrolled Agent—enrolled as an agent by the Internal Revenue Service per the requirements of Circular 230.

**d** Officer—a bona fide officer of the taxpayer organization.

**e** Full-Time Employee—a full-time employee of the taxpayer.

**f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

**h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). *See Special Rules and Requirements for Unenrolled Return Preparers in the instructions for additional information.*

**k** Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.

**r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited to section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

**Note:** For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation—Insert above letter (**a–r**). | Licensing jurisdiction (State) or other licensing authority (if applicable). | Bar, license, certification, registration, or enrollment number (if applicable). | Signature | Date |
|---|---|---|---|---|
| | | | *[signature]* | **7/9/19** |
| | | | *[signature] Jonathan Harvey* | **7/9/19** |
| | | | *[signature]* | **7/9/19** |
| | | | *[signature] Saul R. Wagner* | **7/9/19** |

2678

# WAGENMAKER & OBERLY
*Trusted Advisors to Nonprofits*

Chicago, Illinois
www.wagenmakerlaw.com

SEALED DOCUMENT

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com
2-1/710

07/08/2019

PAY TO THE
ORDER OF     Internal Revenue Service

$ **400.00

Four hundred and 00/100***********************************************************************************

DOLLARS

Wagenmaker & Oberly, LLC

MEMO
Alearis, Inc - FEIN 83-4681574
Request for determination
of non-private foundation status

AUTHORIZED SIGNATURE

⑈00 2678⑈ ⑈071000013⑈     198 291 795⑈

---

**Wagenmaker & Oberly, LLC - Payee Copy**                                          2678

07/08/2019     **Internal Revenue Service**

Alearis, Inc - FEIN 83-4681574 Request for determir          400.00

**100 Chase Business Checking (100)**     Alearis, Inc - FEIN 83-4681574 Request for determination of non-400.00

---

**Wagenmaker & Oberly, LLC - Firm Copy**                                          2678
**Business Account**
07/08/2019     **Internal Revenue Service**

Alearis, Inc - FEIN 83-4681574 Request for determir          400.00

**100 Chase Business Checking (100)**     Alearis, Inc - FEIN 83-4681574 Request for determination of non-400.00

PRODUCT DLT104     USE WITH 91663 ENVELOPE     Deluxe Corporation 1-800-328-0304 or www.deluxe.com/shop     ALEARIS_00068

 3649  STKDK01  09/14/2016 08:02  -181-